CAMERON | JONES LLP
Indira J. Cameron-Banks (SBN 248634)
 *indira@cameronjones.law*
Terrence M. Jones (SBN 256603)
 *terrence@cameronjones.law*
407 N. Maple Dr., Grnd. 1
Beverly Hills, California 90210
Tel: 424.757.0585

Attorneys for Defendants
*Clifford Harris* and *Tameka Harris*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JANE DOE, an individual<br><br>       *Plaintiff,*<br><br>  vs.<br><br>CLIFFORD HARRIS, an individual PKA TI, TAMEKA HARRIS, an individual PKA Tiny, ABC Corp. 1-20, 123 Corp, and DOES 1-20 inclusive,<br><br>       *Defendants.* | Case No.: 2:24-CV-02604<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[DECLARATIONS OF INDIRA J. CAMERON-BANKS; TIMOTHY L. COFFEY; CLIFFORD HARRIS; TAMEKA HARRIS]<br><br>LASC Case No. 24STCV00082<br><br>28 U.S.C. § 1441, § 1446<br>28 U.S.C. § 1332 |

NOTICE OF REMOVAL

TO THE CLERK OF THE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD –

PLEASE TAKE NOTICE THAT Defendants Clifford Harris and Tameka Harris ("Defendants") hereby remove the above-captioned civil action filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. Such removal is proper for the following reasons:

*Statement of the Basis for Removal.*

1. On January 2, 2024, Plaintiff, under the pseudonym "Jane Doe," filed a Complaint against Defendants in the Superior Court of the State of California, County of Los Angeles, asserting state tort claims based on alleged events that occurred in Los Angeles in 2005. Attached hereto are true and accurate copies of the Complaint, Summons, and other documents filed in the state action, LASC Case No. 24 STCV00082 as **Exhibits A-H**, attached to the Declaration of Indira J. Cameron-Banks (Cameron-Banks Decl. ¶ 2.)

2. To date, Plaintiff <u>has not served</u> Defendants with the Summons and Complaint, or any of the documents filed in the state action (Exhibits A-H), despite Plaintiff's counsel being contacted by undersigned counsel on February 28, 2024, about this matter. (Cameron-Banks Decl. ¶¶ 3-4.)

3. Defendants are removing this action pursuant to 28 U.S.C. § 1441(a) because it is a matter over which this Court has original jurisdiction based on 28 USC § 1332(a), where there is diversity of citizenship between the parties, and the case in controversy exceeds $75,000 (exclusive of interest and costs). Here, Plaintiff is a citizen of the State of Texas, while Defendants are both citizens of the State of Georgia. (Cameron-Banks Decl. ¶¶ 6; Declaration of Timothy L. Coffey [Coffey Decl., *unredacted to be filed under seal*] ¶¶3-4; Declaration of Clifford Harris [C.H. Decl.] ¶¶ 2-4; Declaration of Tameka Harris [T.H. Decl.] ¶¶ 2-4.) Plaintiff's

Complaint reflects that she is seeking more than $75,000 in damages. (Exhibit B, Cameron-Banks Decl. ¶ 2.)

*This Removal Comports with 18 U.S.C. §1441 and § 1446 Requirements.*

4. This removal is proper and appropriate because, as set forth herein, this Court has original jurisdiction based on diversity of citizenship between Plaintiff "Jane Doe" (Texas citizen) and Defendants Clifford Harris and Tameka Harris (Georgia citizens) under § 1332(a). *See* 28 U.S.C. § 1441(a)-(b). In determining citizenship of the parties, any defendants "sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). As such, the unknown citizenship of the unidentified entities "ABC Corp. 1-20, 123 Corp, and DOES 1-20" is irrelevant to this removal.

5. This removal is procedurally proper because, although no documents have been served on Defendants in this case, attached hereto as **Exhibits A-H** are all the documents filed in this civil action to date. *See* 28 U.S.C. § 1446(a) (requiring removal notice to be accompanied by all documents actually served on defendants in the removed action). Additionally, undersigned counsel is promptly filing a copy of this Notice with the clerk of the state court, and providing Plaintiff's counsel with written notice thereof as required by 28 U.S.C. § 1446(d). (Cameron-Banks Decl. ¶ 7, and attached **Exhibit I**.)

6. This removal is timely since no documents whatsoever, including the Summons and Complaint, have been served on Defendants in this case. Removal generally must be made within thirty (30) days of the summons and complaint being served on the removing defendant, and if removability under 28 U.S.C. § 1441 is not apparent from those served documents, then within thirty (30) days of service of "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. *See* 28 U.S.C. § 1446(b)(1)-(3). Removal prior to service of the Summons and Complaint is timely and proper, as the thirty-day clock does not even begin running until after service. *See generally Murphy Bros. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344 (1999). Moreover, "a defendant may remove a lawsuit before being served with either the complaint or summons." *Glenn v. Dexcom, Inc.*, Case No. 22-cv-1866-JO-MMP, 2023 U.S. Dist. LEXIS 221134, *3-4 (S.D. Cal. Dec. 12, 2023)(summarizing several cases within the Ninth Circuit holding the same.) Accordingly, this removal is timely.

### *Diversity Jurisdiction Exists Pursuant to 28 U.S.C. § 1332(a).*

7. This court has original jurisdiction based on complete diversity of citizenship of the parties because Plaintiff has a different state citizenship from the Defendants, and the amount in controversy exceeds $75,000.00 (exclusive of interests and costs). *See* 28 U.S.C. § 1332(a).

8. With removal based on diversity jurisdiction, Defendants have only the "burden of pleading minimal diversity" of citizenship which "may be based on 'information and belief' . . .[and] need not contain evidentiary submissions." *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227(9th Cir. 2019) (*citations and internal quotations omitted*); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (removing defendants are "merely required to allege (not prove)" the citizenship of the parties); s*ee also Fermin v. Hinson*, Case No. 2:23-cv-1590-SPG-AFM, 2023 U.S. Dist. LEXIS 86513, *8-9 (C.D. Cal., May 16, 2023).

9. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States, and the person's state citizenship is then determined by the person's "state of domicile, not [] state of residence." *Kanter*, 265 F.3d 853, 857-58 (9th Cir. 2001). "A person's domicile is [that person's] permanent home, where [that person] resides with the intention to remain or [] intends to return. *Id.* Here, Defendants have more than met their burden of pleading minimal diversity by submitting declarations establishing that prior to filing the Complaint in this action, at the time of the Complaint's filing, and currently, Plaintiff "Jane Doe" is, and has been, a citizen of the State of Texas, while both Defendants are, and have been, citizens of the State of Georgia. (Cameron-Banks Decl. ¶¶ 6; Coffey Decl.,

*unredacted to be filed under seal* ¶¶3-4; C.H. Decl. ¶¶ 2-4; T.H. Decl. ¶¶ 2-4.)  As set forth in these supporting declarations, Plaintiff "Jane Doe" currently resides in Texas, where she has consistently resided for well over ten years, has held a driver's license for over twenty years, and has been registered to vote for over fifteen years. (Cameron-Banks Decl. ¶¶ 6; Coffey Decl., *unredacted to be filed under seal* ¶¶3-4.) Further, Defendants Clifford Harris and Tameka Harris have always, and currently, reside in Georgia, where they hold driver's licenses, and intend to remain raising their minor children. (C.H. Decl. ¶¶ 2-4; T.H. Decl. ¶¶ 2-4.)

10. With respect to the burden of showing that the §1332(a) statutory amount in controversy requirement is met, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain evidentiary submissions. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th 2015)(*citing Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Here the Civil Case Cover Sheet filed in this action indicates that this action is seeking damages in excess of at least $35,000, which is the jurisdictional limit for the state court proceeding, and also that Plaintiff is seeking punitive damages.  (**Exhibit A**, Cameron-Banks Decl. ¶ 2.) The Complaint itself seeks special damages, including lost earnings, economic damages, along with punitive damages, statutory damages, and attorney's fees. ((**Exhibit B**, Cameron-Banks Decl. ¶ 2.)  Together these damages sought by Plaintiff through this action are more than likely to exceed $75,000.  Further, two days before filing this action, Plaintiff's counsel emailed Defendants' counsel (in another unrelated matter) a "Confidential Settlement Communication" that included a settlement demand by Plaintiff "Jane Doe" that far exceeded $75,000. (Cameron-Banks Decl. ¶ 5.)  While Defendants maintain Plaintiff is not entitled to any relief whatsoever, the amount of controversy in this case is certainly more than the statutory jurisdictional threshold of $75,000, and is plausibly alleged as such in this Removal.

///

## Conclusion

11. For the reasons set forth herein, and supported by the declarations attached hereto, Defendants hereby respectfully request, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, that this action be removed from the Superior Court of the State of California for the County of Los Angeles to this Court for all further proceedings.

DATED: March 29, 2024

CAMERON JONES LLP

/s/ Indira J. Cameron-Banks
Indira J. Cameron-Banks
Terrence M. Jones

Attorneys For Defendants
*Clifford Harris and
Tameka Harris*