CAMERON | JONES LLP
Indira J. Cameron-Banks (SBN 248634)
  *indira@cameronjones.law*
Terrence M. Jones (SBN 256603)
  *terrence@cameronjones.law*
407 N. Maple Dr., Grnd. 1
Beverly Hills, California 90210
Tel: 424.757.0585

Attorneys for Defendants
*Clifford Harris* and *Tameka Harris*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual<br><br>*Plaintiff*,<br><br>vs.<br><br>CLIFFORD HARRIS, an individual PKA TI, TAMEKA HARRIS, an individual PKA Tiny, ABC Corp. 1-20, 123 Corp, and DOES 1-20 inclusive,<br><br>*Defendants*. | Case No.: 2:24-cv-02604-SPG-JC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>CRTM: 5C, First Street Courthouse<br>DATE: August 7, 2024<br>TIME: 1:30 p.m.<br><br>Hon. Sherilyn Peace Garnett |

TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD—

PLEASE TAKE NOTICE that on August 7, 2024, at 1:30 p.m. or as soon thereafter as the matter may be heard, Defendants Clifford Harris and Tameka Harris will, and hereby do, move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Complaint in its entirety, with prejudice on the grounds that (1) all the claims asserted in the Complaint are time-barred because the statute of limitations for such claims has long expired over sixteen years ago, and (2) the Complaint fails to allege facts to sufficiently establish any of the claims alleged in the Complaint.

This motion will be made before the Honorable Sherilyn Peace Garnett, United States District Judge, in Courtroom 5C at the United States Courthouse located at 350 West 1st Street, Los Angeles, California 90012. The motion follows the requisite Local Rule 7-3 meet-and-confer discussion with opposing counsel, which began on May 24, 2024 and continued to June 20, 2024.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion.

Dated: June 27, 2024

CAMERON | JONES LLP

　　/s/ *Indira J. Cameron-Banks*
Indira J. Cameron-Banks
Terrence M. Jones

Attorneys for Defendants
*Clifford Harris and Tameka Harris*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jane Doe ("Plaintiff") asserts tort claims in the Complaint arising from alleged conduct occurring on an unspecified date nineteen years ago, in 2005. As such, all the claims asserted in the Complaint are time-barred because the statute of limitations for such claims has long expired over sixteen years ago. Further, notwithstanding the fact that Defendants Clifford Harris ("Mr. Harris") and Tameka Harris ("Mrs. Harris") (collectively "Defendants" or "Harrises"), deny that any of the alleged conduct even occurred, the Complaint fails to allege facts to sufficiently establish any of the claims alleged in the Complaint. Accordingly, Defendants seek to dismiss all the claims in the Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which any relief can be granted. Because there is no possible remedy for these deficiencies though amendment or otherwise, Defendants seek dismissal of this entire action, *with* prejudice.

## II. RELEVANT BACKGROUND

### A. Procedural Background

On January 2, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles asserting the following causes of action based on conduct that occurred at an unspecified date and location in 2005 in Los Angeles, California: sexual battery, battery, sexual assault, negligence, false imprisonment, and intentional infliction of emotional distress. (Dkt. 1)

On March 29, 2024, Defendants removed this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a), as a matter over which this Court has original jurisdiction based on 28 USC § 1332(a), where there is diversity of citizenship between the parties, and the case in controversy exceeds $75,000 (exclusive of interest and costs). (Dkt. 1) As explained in the Notice of Removal, diversity jurisdiction exists because Plaintiff is a citizen of the State of Texas, while Defendants are both citizens of the State of Georgia. (Id.)

### B. Factual Allegations In The Complaint

Plaintiff alleges that when she was an adult in 2005, and on an unspecified evening that year in an "unknown club somewhere in Los Angeles, California" she met the Harrises. (Id. ¶¶ 12, 22) The Complaint then sets out the following facts about a purported encounter she had with the Harrises that evening. Plaintiff voluntarily left the club with them and rode in a vehicle to "a hotel" that is not identified. (Id. ¶ 26) Plaintiff voluntarily went into a hotel room with the Harrises and two "unknown females" who left soon thereafter. (Id. ¶ 27-28.) Plaintiff then voluntarily took a shower with the Harrises and then got into the bed naked with them and laid down on her stomach while Mrs. Harris was on her back, and Mr. Harris "proceeded to slid his toes into Plaintiff's vagina." (Id ¶¶ 30-40) Plaintiff said no, got up from the bed, went to the bathroom, and vomited. (Id. ¶¶ 41-45) She then went to a couch, fell asleep, woke up the next morning and left the hotel room (Id. ¶¶ 48-52)

### C. Legal Framework

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court may dismiss a Complaint for failure to state a claim upon which relief can be granted. "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (*quoting Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true . . . allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

Dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), or otherwise, without leave to amend, is proper when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted), or when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III. POINTS AND AUTHORITIES

### A. This Lawsuit, the Complaint, and All Claims Asserted Therein Are Barred by the Applicable Statute of Limitations.

In discussing the policy behind statutes of limitations, the California Supreme Court has noted that such statutes are intended to "protect defendants from the necessity of defending stale claims and require plaintiffs to pursue their claims diligently." *Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 488 (1996)(explaining that statute of limitations are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") Indeed "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.*

When it is clear from the face of the Complaint that the statute of limitations has run on the claims asserted therein, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate. *See Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Here, at best, Plaintiff had up to December 31, 2007, to file the instant lawsuit based on the facts alleged in the Complaint. As such, this instant

lawsuit, filed over sixteen years past that statutory deadline – eighteen years after the facts alleged in the Complaint occurred is time-barred, along with all the claims asserted in the Complaint.  Further, as is clear from the Complaint, there are no facts whatsoever that could redeem or revive any actionable claims by Plaintiff against Defendants based on the 2005 encounter alleged in the Complaint.

### 1. *CCP § 335.1: 2 Year Statute of Limitations for All Torts*

When the alleged conduct at issue in this case allegedly occurred in 2005, the only California statute of limitations applicable to all the claims asserted in the Complaint was C.C.P. § 335.1, establishing that "action[s] for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" must be filed within two (2) years from the conduct at issue.  *See* C.C.P. § 335.1  Thus, a lawsuit based on the allegations in the Complaint would have had to have been brought sometime in 2007, and were absolutely time-barred by the statute of limitations after December 31, 2007.

### 2. *CCP § 340.16(a): 2019 Expanded Statute of Limitations for Sexual Assault Actions to Ten years*

Fourteen years after the conduct alleged in this case allegedly occurred, C.C.P. § 340.16(a) went into effect in 2019, expanding the statute of limitations for civil actions seeking recovery of damages as a result of sexual assault (experienced as an adult) to the latter of ten (10) years from the conduct itself, or three (3) years from discovery of the conduct.[1]  *See* CCP § 340.16(a). When enacted, there was no provision for this limited expansion of the statute of limitations to be applied retroactively.  As such, the claims asserted in the Complaint remained time-barred as of December 31, 2007.  Assuming *arguendo,* if this statutory provision were applied

---

[1] "Sexual Assault" is defined in subdivision (b)(1) as conduct described in California Penal Code §§ 243.4, 261, 262, 264.1, 286, 287, or 289, or former §§ 262 and 288a.

retroactively, which it could not be, the claims in this case would still have been time-barred by the statute of limitations after December 31, 2015.

      3.     *CCP § 340.16(b)(3): Applying 10 year Expanded Statute of Limitations for Sexual Assault Actions to Conduct occurring after January 1, 2009*

Indeed, two years after California expanded the statute of limitations for certain sexual assault cases, CCP § 340.16(a) was amended again in 2022 to add subdivision (b)(3). This amendment expressly provided that civil actions that were otherwise time-barred even after the enactment of C.C.P. § 340.16 (a), could be revived if the alleged sexual assault <u>occurred on or after January 1, 2009</u>, and a lawsuit was filed before December 31, 2026. *See* C.C.P. § 340.16 (b)(3). The 2022 amendment does not apply to this lawsuit, which is solely based on conduct that occurred in 2005, because the California Legislature determined that it should only reach back to conduct that occurred on or after January 1, 2009. As such, even with this 2022 amendment, the claims asserted in the Complaint against the Defendants are still time-barred as this lawsuit is brought more than sixteen years past the expiration of the applicable statute of limitation -- December 31, 2007.

      4.     *CCP § 340.16(e): Providing a One Year Window in 2023 For Actions Against Entities for the Attempted Cover-Up of Sexual Assault Actions*

The same 2022 amendment to C.C.P. § 340.16 adding subdivision (b)(3), also provided for subdivision (e), which expressly provided a one-year window -- <u>between January 1, 2023 – December 31, 2023</u> --to allow for the filing of civil actions *against entities* otherwise barred by the statute of limitations, seeking recovery of damages as a result of sexual assault (experienced as an adult) <u>only if</u> <u>all three conditions exist</u>: (1) a plaintiff alleges that they were sexually assaulted; (2) That one or more entities

are "legally responsible for damages arising out of the sexual assault;"[2] and (3) "[t]he entity or entities, including but not limited to, their officers, directors, representatives, employees, or agents, engaged in a cover up or attempted a cover up of a previous instance or allegations of sexual assault by an alleged perpetrator of such abuse."[3] *See* C.C.P. § 340.16(e)(2)(A)-(C). "Subsection (e), does not provide for the action against the perpetrator, which is contained in (a). Subsection (e) is specific as to the company that covers up or attempts to cover up what had happened." *F. G. v. Weinberg*, 2023 Cal. Super. LEXIS 58745, *6 (Cal. Sup. August 25, 2023). There are no allegations that any entities that are legally responsible for the conduct, let alone that any entity engaged in a "cover up" or attempted a "cover up" of a sexual assault.[4] As such neither this subdivision, nor any other statutory provision, extends

---

[2] "Legally responsible" is defined as meaning that "the entity or entities are liable under any theory of liability established by statute or common law, including, but not limited to, negligence, intentional torts, and vicarious liability." C.C.P. § 340.16(e)(4)(C).

[3] "Cover up" is defined as "a concerted effort to hide evidence relating to a sexual assault that incentivizes individuals to remain silent or prevents information relating to a sexual assault from becoming public or being disclosed to the plaintiff, including, but not limited to, the use of nondisclosure agreements or confidentiality agreements." C.C.P. § 340.16(e)(4)(A).

[4] Nor are there any allegations in the Complaint about any interaction whatsoever between Plaintiff and Defendants at any point in time after the alleged moment Plaintiff stood up from the bed in the unidentified hotel room, went to the bathroom and then fell asleep in a hotel chair. (Compl. ¶¶ 46-52) Indeed as alleged, when Plaintiff woke up in the morning, Defendants did not even acknowledge her presence in the room, and Plaintiff left. (Id. at ¶ 52.) There is no alleged cover-up, cover-up attempt, or campaign to silence Plaintiff through harassment and intimidation. Accordingly, there is not even any remote possibility, let alone a plausible one, that the allegations in the Complaint give rise to any viable claim against the Defendants based on any unconscionable conduct placing Plaintiff in any state of duress. *See Weinberg*, 2023 Cal. Super. LEXIS 58745, *6-7, *citing Ortega v. Pajaro Valley Unified School Dist.*, 64 Cal. App. 4th 1023, 1049 (1998); *John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438, 446 (1989)(citing the possibility, based on sufficient

the statute of limitations for the conduct alleged in the Complaint beyond December 31, 2007.[5]  There are no viable legal claims for Plaintiff to assert against Defendants based on the factual allegations set forth in the Complaint, and all the claims asserted in it, should be dismissed with prejudice.

> **B.  Plaintiff Fails to Set Forth Allegations That Establish Any Cognizable Claims for Relief Against Defendants.**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[T]o survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be <u>plausibly suggestive</u> of a claim entitling the plaintiff to relief." (emphasis added) *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

---

factual *evidence* that a defendant may be estopped from asserting noncompliance with the statute of limitations if defendant "committed unconscionable acts and plaintiffs acted within a reasonable time after the coercive effect of those acts had ended.")

[5] Even assuming *arguendo*, that this provision could even apply to Defendants, (which it does not, and cannot, as they are individuals), this action would still be time-barred as it was filed after the timeframe expressly set forth in this subdivision (e) of the statute -- <u>between January 1, 2023 – December 31, 2023</u>.  Thus, given that December 30-31, 2023, fell on weekend dates, an action necessarily would have had to have been initiated on December 29, 2023.  As a federal court citing the California Supreme Court noted in relation to a different statute of limitations, such statutes "reflect[] the balance the Legislature struck between a plaintiff's interest in pursuing a meritorious claim and the public policy interests in prompt assertion of known claims. The courts may not shift that balance by devising expedients that extend or toll the limitations period."  *See Vinayagam v. Pierce*, 2023 U.S. Dist. LEXIS 159673, at *8 (N.D. Cal. Feb. 6, 2023)( *citing Beal Bank, SSB v. Arter & Hadden, LLP*, 42 Cal. 4th 503, 512, (2007).

Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). The instant Complaint fails to set forth facts sufficient to support the finding of liability under any cognizable legal theory.

Defendants dispute the veracity of all the factual allegation in the Complaint, but for purposes of this Motion recognizes that the Court will accept well-pled factual allegations as true and construe them in the light most favorable to the Plaintiffs. *See Reese*, 643 F.3d at 690.

Here the Complaint sets forth, with salacious detail, an alleged sexual encounter, that Plaintiff engaged in during her young adulthood, nineteen years ago, with Defendants on an unspecified date in 2005 in an unknown hotel.  The Complaint alleges facts demonstrating that Plaintiff voluntarily, and affirmatively solicited the alleged sexual encounter, and consciously and effectively ended the encounter when she wanted to stop participating.  (Compl. ¶¶ 25, 26, 29)  Plaintiff describes feeling uneasy, embarrassed, and uncomfortable, but the factual allegations describes (a) Plaintiff in full control of voluntary movement of her body (standing, sitting, walking, laying down, standing up), without force or threat of harm (Id. at ¶¶ 31, 34-36, 44, 48);  (b) Plaintiff in full awareness of the situation around her, voluntarily complying with Defendants' purported requests (Id. at ¶30-31, 33-36); (c) Plaintiff effectively ending the sexual encounter by stating "no" she did not want to participate in it any longer, getting off of the bed, and Defendants ending their physical interactions with her. (Id. at ¶¶ 41-44)  The conscious voluntary nature of Plaintiff's conduct as alleged in the Complaint necessarily undermines Plaintiff's claims for battery, sexual battery, sexual assault, false imprisonment, negligence and/or intentional infliction of emotional distress.

    1.    *Plaintiff Fails to State a Claim for Battery, Sexual Battery or Assault*

The first three causes of action for Battery, Sexual Battery and/or Sexual Assault share a fundamental element – lack of consent.  For battery and sexual battery, a plaintiff must establish generally that a defendant intended to cause a harmful or offensive touch or contact with a plaintiff and that she "did not consent to" such touch or contact.  *See So v. Shin*, 212 Cal.App.4th 652, 669 (2013)(elements of battery generally); *Angie M. v. Superior Court* 37 Cal.App.4th 1217, 1225 (1995) (1995) (applying elements to sexual battery) "The element of lack of consent to the particular contact is an essential element of battery." *Rains v. Superior Court*, 150 Cal.App.3d 933, 938 (1984). "As a general rule, one who consents to a touching cannot recover in an action for battery. . . . However, it is well-recognized a person may place conditions on the consent. If the actor exceeds the terms or conditions of the consent, the consent does not protect the actor from liability for the excessive act." *Ashcraft v. King*, 228 Cal.App.3d 604, 609-610 (1998).   Lack of consent is also a necessary element of a claim for assault.  *See Shin,* 212 Cal. App. 4th. At 668-669.

In this case, there are no factual allegations that plausibly give rise to the reasonable inference that Plaintiff did not consent to what occurred during the alleged encounter on the unspecified date in 2005.  The facts as alleged, reflect that Plaintiff voluntarily and consciously participated in the encounter up to the point when she said "no" and removed herself from the bed with Defendants, who honored her expressed desire to leave the encounter, go to the bathroom, sit on a couch until the morning, and then leave.  (Compl. ¶¶ 41-44).

### 2. *Plaintiff Fails to State a Claim for False Imprisonment*

"[T]he tort [of false imprisonment] consists of the " 'nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Scofield v. Critical Air Medicine, Inc.*, 45 Cal.App.4th 990, 1001 (1996).  Again, the factual allegations in the Complaint demonstrate that Plaintiff voluntarily entered an SUV and a hotel room with Defendants, who at no time restrained or prevented her from leaving, and moved around freely, and left the

hotel room when she wanted to in the morning. (Compl. ¶ 26-29; 52) The facts, as alleged to not reflect "nonconsensual" confinement of Plaintiff at any time.

### 3. Plaintiff Fails to State a Claim for Negligence or Intentional Infliction of Emotional Distress

To state a cause of action for negligence, a plaintiff must allege facts to establish that a defendant breached a legal duty to use due care. *See Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). To establish a claim for intentional infliction of emotional distress, a plaintiff must allege "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009). Again, the Complaint fails to establish either one of these necessary elements but instead establish that (a) Plaintiff voluntarily, consciously, and actively participated in an alleged sexual encounter where all the details were explained to her at the outset before she agreed to participate (Compl. ¶ 29), and (b) Defendants did not prevent, in any way, Plaintiff from ending the encounter, going to the bathroom, resting on the couch, and/or leaving the room (Id. at ¶ 41-44; 52). Moreover, the factual allegations demonstrate Defendants acted with due care and diligence to allow Plaintiff to care for herself physically, and emotionally during the alleged encounter – the exact antithesis of negligence and/or intentional infliction of emotional distress.

## IV. CONCLUSION

For the reasons set forth herein, Defendants respectfully request the Court dismiss the Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 27, 2024

CAMERON | JONES LLP

  /s/ *Indira J. Cameron-Banks*
Indira J. Cameron-Banks
Terrence M. Jones

Attorneys for Defendants
*Clifford Harris and Tameka Harris*