UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | August 8, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 29]

## ORDER

Before the Court is Defendants Clifford and Tameka Harris's (together, "Defendants") Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 29 ("Motion")). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered Defendants' submission, the relevant law, and the record in this case, the Court GRANTS the Motion.

### I.   Background

Plaintiff Jane Doe ("Plaintiff") initiated this lawsuit in California state court on January 2, 2024. (ECF No. 1-2). Plaintiff asserts claims for sexual battery, battery, assault, negligence, false imprisonment, and intentional infliction of emotional distress resulting from conduct that allegedly took place "[s]ometime in 2005." (*Id.* at 13–22). On March 29, 2024, Defendants removed Plaintiff's action to this Court. (ECF No. 1).

Defendants filed the instant Motion on June 27, 2024, seeking to dismiss Plaintiff's lawsuit on the grounds that Plaintiff's claims are time-barred and that she fails to allege facts sufficient to state any claim. (Mot. at 3). On July 17, 2024, Plaintiff's deadline to oppose the Motion, *see* C.D. Cal. L.R. 7-9, Plaintiff instead filed two duplicative *ex parte* motions seeking leave to file an amended complaint, (ECF Nos. 30, 31). Although Rule 15 of the Federal Rules of Civil Procedure permits plaintiffs to amend their complaint once as a matter of course "21 days after service of a motion under Rule 12(b)," Fed. R. Civ. P. 15(a)(1)(B), Plaintiff did not do so. Defendants filed a Notice of Plaintiff's Non-Opposition to the Motion on July 29, 2024. (ECF No. 34).

### II.   Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | August 8, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS, et al. | | |

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

Although a defendant may not ordinarily raise affirmative defenses as a basis to dismiss a complaint, the Ninth Circuit recognizes an exception to this general rule where "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). "[A] complaint may be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). Dismissal is appropriate, however, "[o]nly when the plaintiff pleads itself out of court" by "admit[ting] all the ingredients of an impenetrable defense." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 603 n.8 (9th Cir. 2018) (citation omitted).

Local Rule 7-9 provides that a party opposing a motion must serve and file its opposition brief no later than 21 days before the noticed motion hearing date. C.D. Cal. L.R. 7-9. As a general rule, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."[1] C.D. Cal. L.R. 7-12.

Finally, where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects of the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

### III.   Discussion

As described above, Section I, Defendants assert two main challenges to Plaintiff's Complaint.

First, Defendants contend that Plaintiff's claims are barred under California law, which imposes

---

[1] This discretion does not extend to unopposed motions for summary judgment. C.D. Cal. L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | August 8, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS, et al. | | |

a two-year statute of limitations for tort claims. (Mot. at 6). Although California expanded the statute of limitations in 2019, Defendants contend both that this provision does not apply retroactively and that that Plaintiff's claims would be time-barred even if it did. (*Id.* at 6–7). Finally, given the remote date of the underlying conduct, Defendants argue that Plaintiff does not benefit from subsequent amendments to California law that allowed parties to assert otherwise time-barred claims in certain circumstances. (*Id.* at 7–9).

Second, Defendants challenge the adequacy of Plaintiff's pleadings, arguing that she fails to state any tort claim. Specifically, Defendants contend that, as pleaded, "there are no factual allegations that plausibly give rise to the reasonable inference that Plaintiff did not consent to what occurred during the alleged encounter on the unspecified date in 2005." (*Id.* at 11). Additionally, as to Plaintiff's claims for negligence and intentional infliction of emotional distress, Defendants assert that "the factual allegations demonstrate Defendants acted with due care and diligence to allow Plaintiff to care for herself physically, and emotionally during the alleged encounter." (*Id.* at 12).

Plaintiff appears to concede these challenges as she has not filed any opposition to the Motion, instead requesting leave to amend via her *ex parte* applications. *See Cal. Grocers Ass'n v. City of Santa Ana*, No. SA CV 21-00705-DOC-(JDEx), 2021 WL 4439092, at *2 (C.D. Cal. June 30, 2021) ( "recogniz[ing] [p]laintiff's silence as a concession" on a motion to dismiss where the plaintiff failed to address an argument in its opposition brief and collecting cases). *See also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (noting that it is the plaintiff's responsibility to "move a case toward disposition on the merits"). The Court therefore dismisses Plaintiff's Complaint. Because Plaintiff requests leave to amend, however, and because it is not clear that amendment would be futile,[2] the Court grants Plaintiff leave to amend.

### IV.   Conclusion

For the foregoing reasons, the Court DISMISSES Plaintiff's Complaint, with leave to amend. Should Plaintiff seek to amend her Complaint, she must file any First Amended Complaint within twenty-one (21) calendar days from the issuance of this order, along with a redline copy of the amended complaint showing all modifications made to the Complaint. If Plaintiff does not file an amended complaint within twenty-one calendar days, this action will be dismissed

---

[2] The Court notes that Defendants' statute of limitations defense appears to be strong. In light, however, of Plaintiff's representation that she may be able to establish her compliance with statutory filing deadlines, *see* (ECF No. 30 at 6), the Court declines at this early stage of litigation to find the statute of limitations issue insurmountable, as required under Ninth Circuit law, *Durnford*, 907 F.3d at 603 n.8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | August 8, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS, et al. | | |

without prejudice.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   pg