CAMERON | JONES LLP
Indira J. Cameron-Banks (SBN 248634)
  *indira@cameronjones.law*
Terrence M. Jones (SBN 256603)
  *terrence@cameronjones.law*
407 N. Maple Dr., Grnd. 1
Beverly Hills, California 90210
Tel: 424.757.0585

Attorneys for Defendants
*Clifford Harris and Tameka Harris*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual <br><br> Plaintiff, <br><br> vs. <br><br> CLIFFORD HARRIS, an individual PKA TI, TAMEKA HARRIS, an individual PKA Tiny, ABC Corp. 1-20, 123 Corp, and DOES 1-20 inclusive, <br><br> Defendants. | Case No.: 2:24-cv-02604-SPG-JC <br><br> **DEFENDANT CLIFFORD HARRIS AND TAMEKA HARRIS'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> CRTM: 5C, First Street Courthouse <br> DATE: October 16, 2024 <br> TIME: 1:30 p.m. <br><br> Hon. Sherilyn Peace Garnett |

TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD—

PLEASE TAKE NOTICE that on October 16, 2024, at 1:30 p.m. or as soon thereafter as the matter may be heard, Defendants Clifford Harris and Tameka Harris will, and hereby do, move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the First Amended Complaint ("FAC") in its entirety, with prejudice on the grounds that (1) all the claims asserted in the FAC are time-barred because the statute of limitations for such claims has long expired over sixteen years ago, and (2) the FAC fails to allege facts to sufficiently establish any of the claims asserted therein.

This motion will be made before the Honorable Sherilyn Peace Garnett, United States District Judge, in Courtroom 5C at the United States Courthouse located at 350 West 1st Street, Los Angeles, California 90012. The motion follows the requisite Local Rule 7-3 meet-and-confer discussion with opposing counsel, which began in May 2024, in connection with the initial Complaint, which was plagued with the same issues as the FAC. To date, Rodney Diggs, the only attorney of record representing Plaintiff has never communicated with undersigned counsel about this case despite numerous overtures to do so. [1] However, I reached out via email to Mr. Diggs on September 4, 2024 and September 6, 2024, to present and discuss the issues as presented in the instant motion, but Mr. Diggs has not responded.

---

[1] To date Rodney Diggs, has not communicated with undersigned counsel about this case. Instead, undersigned counsel's communications, both directly and indirectly, were directed to Tyrine Aman, a California provisionally licensed attorney at Mr. Digg's law firm, who is not admitted to practice in front of this Court, and Tyrone Blackburn, who is neither a part of Mr. Digg's law firm nor licensed to practice law in California or this Court. The redlined version of the FAC filed in this case (Dkt. 37-1) indicates that both Ms. Aman and Mr. Blackburn have been removed from working on this case, and as such undersigned counsel attempted to meet and confer with Mr. Diggs only about the FAC.

1     This motion is based upon this Notice, the attached Memorandum of Points

2  and Authorities, all pleadings, records, and other documents on file with the Court in

3  this action, and upon such oral and/or documentary evidence as may be presented at,

4  before, and after the hearing of this motion.

5

6  Dated: September 11, 2024          CAMERON | JONES LLP

7                                             /s/ Indira J. Cameron-Banks
8                                    Indira J. Cameron-Banks

9                                    Attorneys for Defendants
10                                   *Clifford Harris and Tameka Harris*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................1

II.     RELEVANT BACKGROUND ...........................................................2

        A.      Procedural Background ..........................................................2
        B.      Factual Allegations In The FAC ............................................3
        C.      Legal Framework ...................................................................4

III.    POINTS AND AUTHORITIES ..........................................................5

        A.      This Lawsuit, the Complaint, and All Claims Asserted
                Therein Are Barred by the Applicable Statute of Limitations .....................5

                *1. CCP § 335.1: 2 Year Statute of Limitations for All Torts* ...........................6
                *2. CCP § 340.16(a): 2019 Expanded Statute of Limitations for Sexual Assault*
                *Actions to Ten years* ...................................................................7
                *3. CCP § 340.16(b)(3): Applying 10 year Expanded Statute of Limitations*
                *for Sexual Assault Actions to Conduct occurring after January 1, 2009* ..............7
                *4. CCP § 340.16(e): Providing a One Year Window in 2023 For Actions Against*
                *Entities Legally Responsible for the Attempted Cover-Up of Previous Sexual*
                *Assault Actions* ...........................................................................8
                    *a. CCP § 340.16(e) Provides For An Action Against Entities Only*
                    *b. CCP § 340.16(e) Provided a One Year Window for Filing Claims*
                    *against Entities that Passed Eight Months Ago* .............................9
                    *c. CCP § 340.16(e)(2)(C) Requires Sufficient Allegations of a*
                    *Cover Up of  Previous Allegations of Sexual Assault to Have*
                    *Revived Any Claim Against an Entity in 2023* ...........................11
                    *d. CCP § 340.16(e)(2)(C) Requires Sufficient Allegations that an*
                    *Entity Is Legally Responsible For Damages Arising Out Of The*
                    *Purported Sexual Assault* ...................................................14

        B.      Plaintiff Fails to Set Forth Sufficient Non-Conclusory, Factual
                Allegations to Establish Any Cognizable Claims for Relief
                Against Defendants .............................................................16

                *1.      Plaintiff Fails to State a Claim for Battery, Sexual Battery or*
                         *Assault against the Harrises* .......................................16
                *2.      Plaintiff Fails to State a Claim for Intentional Infliction*
                         *of Emotional Distress Against the Harrises* .....................17*

IV.     CONCLUSION .................................................................................18

1

## **TABLE OF AUTHORITIES**

2

C.C.P. § 340.16 ..................................................................................................... passim
C.C.P. § 335.1 ................................................................................................. - 5 -

3

4

28 U.S.C. § 1441(a) ......................................................................................... - 2 -
28 USC § 1332(a) ............................................................................................. - 2 -

6

7

Fed. R. Civ. P. 4 .............................................................................................. - 1 -
Fed. R. Civ. P. 10 ............................................................................................ - 1 -

8

Fed. R. Civ. P. 12 ........................................................................................ - passim -

9

*Alma W. v. Oakland Unified Sch. Dist.*, 123 Cal.App.3d 133, 141 (1981).................... - 14 -

10

*Angie M. v. Superior Court* 37 Cal.App.4th 1217, 1225 (1995) ........................... - 16 -

11

*Ashcraft v. King*, 228 Cal.App.3d 604, 609-610 (1998) .................................... - 17 -

12

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ...................................................... - 4 -

13

14

*Beal Bank, SSB v. Arter & Hadden, LLP*, 42 Cal. 4th 503, 512, (2007) ................. - 11 -

15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................ - 4, 5 -

16

*Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) ................. - 4 -

17

*Davalos v. Sanguinetti*, 2023 Cal. Super. LEXIS 83528 ...................................... - 11, 13 -

18

*Debbie Reynolds Professional Rehearsal Studios v. Superior Court*,

19

25 Cal.App.4th 222 (1994) ............................................................................ - 14-

20

*Farmers Ins. Grp. v. Cty. of Santa Clara*, 11 Cal.4th 992, 1005 (1995) ................. - 14, 15 -

21

*F. G. v. Weinberg*, 2023 Cal. Super. LEXIS 58745, *6
    (Cal. Sup. August 25, 2023)…………………………………….…………….- 9, 12 -

22

23

*Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009) ......................................... - 17 -

24

*I.J. v. Weinberg*, 2023 Cal. Super. LEXIS 58920 ............................................... - 11 -

25

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ......................... - 5 -

26

*Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003)……………………...…………...- 5 -

27

*Jane Doe #21 (S.H.) v. CFR Enterprises, Inc.*, 93 Cal. App. 5th 1199 ................. - 11, 12 -

28

*Jeffrey E. v. Central Baptist Church*, 197 Cal.App.3d 718 (1988)........................... - 14 -

*John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438, 446 (1989) ......................................... - 12 -

*Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) .......................... - 5 -

*Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) ................................. - 6 -

*Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291 (1995) ............................. - 14 -

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ........................................ - 4 -

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ................................................. - 4 -

*Ortega v. Pajaro Valley Unified School Dist.*,
    64 Cal. App. 4th 1023, 1049 (1998) ...................................................... - 12-

*Perez v. Van Groningen & Sons, Inc.*, 41 Cal.3d 962, 967 (1986) ............................... - 14 -

*Rains v. Superior Court*, 150 Cal.App.3d 933, 938 (1984) ...................................... - 16 -

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011) .................... - 4 -

*Rita M. v. Roman Catholic Archbishop*, 187 Cal.App.3d 1453, 1461 (1986) ......................... - 14 15-

*Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 488 (1996) ............................... - 5 -

*Sandoval v. Budget Rent A Car*, No. LACV 20-07069-VAP, 2020 U.S. Dist. LEXIS 170692 ..... - 1 -

*Shuttle Bus Leasing v. Edison Trans. LLC*, No. CV 13-0675 BRO (OPx), 2013 WL 12200440, at *6
    n.7 (C.D. Cal. Aug. 26, 2013) ....................................................... - 1 -

*So v. Shin*, 212 Cal.App.4th 652, 669 (2013) ................................................. - 16, 17 -

*Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) ...................................... - 4 -

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ......................... - 5 -

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) .......................................... - 4 -

*Vinayagam v. Pierce*, 2023 U.S. Dist. LEXIS 159673, at *8
    (N.D. Cal. Feb. 6, 2023) ........................................................... - 11 -

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ....... - 6 -

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

After this Court dismissed Plaintiff Jane Doe's initial Complaint and all the claims asserted therein as untimely and time-barred, and granted her leave to amend, Plaintiff filed a First Amended Complaint ("FAC") re-asserting the same dismissed, time-barred claims against Defendants Clifford Harris ("Mr. Harris") and Tameka Harris ("Mrs. Harris")(collectively "Harrises" or "Defendants").

The FAC continues to assert claims against the Defendants for sexual battery, battery, sexual assault, and intentional infliction of emotional distress, while dropping the assertion of the negligence and false imprisonment claims initially asserted against the Harrises.[1]  However, Plaintiff continues to fail to set forth any allegations to establish that the remaining claims are not time-barred by the applicable statute of limitations.  And notwithstanding the fact that the Harrises deny that any of the alleged conduct even occurred, the FAC continues to fail to sufficiently allege facts to establish any of the claims asserted against them in the FAC.  Thus, again Defendants seek to dismiss all the claims asserted against them in the FAC pursuant to Fed. R.

---

[1]    Instead these claims are instead asserted against Grand Hustle, LLC, an entity that has not been named as a defendant in the case caption as required by Fed. R. Civ. P. 10, and for which no summons has been sought or issued as required by Fed. R. Civ. P. 4.  As such it is unclear whether Plaintiff intends to make Grand Hustle, LLC an actual defendant in this case, or, as discussed herein, has just identified the entity as part of a futile attempt to circumvent the statute of limitations applicable to the claims asserted against the Harrises.  See *Sandoval v. Budget Rent A Car*, No. LACV 20-07069-VAP, 2020 U.S. Dist. LEXIS 170692, at *17-18 (C.D. Cal. Sep. 3, 2020)(finding that failure to include a party in the caption and serve that party with a summons is fatal to any claim asserted against that party); *see also Shuttle Bus Leasing v. Edison Trans. LLC*, No. CV 13-0675 BRO (OPx), 2013 WL 12200440, at *6 n.7 (C.D. Cal. Aug. 26, 2013) (concluding the failure to include the defendant in the caption of the complaint and in the summons "is fatal" despite the plaintiff identifying the defendant in the body of the complaint)

Civ. P. 12 (b)(6), and because there is no possible remedy for these deficiencies though amendment or otherwise, the Harrises seek dismissal, *with* prejudice.

## II.    RELEVANT BACKGROUND

### A.    Procedural Background

On January 2, 2024, Plaintiff filed the initial Complaint in the Superior Court of the State of California, County of Los Angeles asserting the following causes of action based on conduct that occurred at an unspecified date in 2005 at an unspecified location in Los Angeles, California: sexual battery, battery, sexual assault, negligence, false imprisonment, and intentional infliction of emotional distress. (Dkt. 1)

On March 29, 2024, Defendants removed this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a), as a matter over which this Court has original jurisdiction based on 28 USC § 1332(a), where there is diversity of citizenship between the parties, and the case in controversy exceeds $75,000 (exclusive of interest and costs).  (Dkt. 1) As explained in the Notice of Removal, diversity jurisdiction exists because Plaintiff is a citizen of the State of Texas, while Defendants are both citizens of the State of Georgia. (Id.)

On June 27, 2024, the Defendants moved to dismiss the initial Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that it (1) all the claims asserted in the Initial Complaint were time-barred because the statute of limitations for such claims had long expired (over sixteen (16) years at the time of the filing), and (2) the Initial Complaint failed to allege facts to sufficiently establish any of the asserted therein.  (Dkt 29.)  Defendants never opposed Defendants' motion.

On August 8, 2024, this Court granted Defendants' Motion to Dismiss with leave to amend. (Dkt. 36)  On August 28, 2024, Plaintiff filed the FAC against the Harrises, adding additional facts and parties.[2]

### B.    Factual Allegations In The FAC

On an unspecified evening in 2005, at an "unknown club somewhere in Los Angeles, California," Plaintiff alleges she met the Harrises.  (FAC ¶ 40)  Plaintiff was an adult at the time of this alleged encounter with the Harrises.  (Id. ¶ 23)  The FAC then sets forth a series of allegations about the encounter that occurred on that single unspecified evening in 2005.  Plaintiff alleges that she voluntarily engaged in the following conduct: attended an unknown club, at an unknown location in Los Angeles, where the Harrises were allegedly present (Id. ¶ 40); ordered several drinks while in the VIP section of said unknown club, and also drank from a cup handed to her by Mrs. Harris (Id. ¶ 42); agreed to ride with the Harrises when they left the unknown club and took more shots of alcohol while in the vehicle (Id. ¶ 43-44); went with the Harrises into a hotel suite, undressed and showered with them (Id. ¶ 46-47; 58-59); undressed and showered with the Harrises (Id. ¶ 58-59);got into the bed with them, watched a pornographic movie, allowed herself to be rubbed on her back (Id., ¶ 63-67). The FAC then alleges that Plaintiff said no to continuing with the alleged encounter after Mr. Harris attempted to slide his toes into her vagina, removed herself from the bed, went to the bathroom and vomited and then fell asleep on the couch (Id. ¶¶ 69, 75, 79-80)  The FAC alleges that the Harrises, by Plaintiff's own admission, respected Plaintiff's wishes and excluded Plaintiff from any further interaction. (Id. ¶ 77)

---

[2]    The Court ordered that any amended complaint would have to be accompanied by a redlined version of the initial Complaint. (Dkt.36)  However, the redlined version does not appear accurate as the signature line on the redlined version identifies Tyrone Blackburn as the attorney of record, although his name does not appear on the initial Complaint, and he is not admitted to practice before this Court. (Dkt. 37-1 at 26-27)

1    And while the FAC does add factual allegations that differ from the initial

2    Complaint, it does not allege that there was any interaction whatsoever with the

3    Defendants *after* that brief alleged encounter that occurred on an unspecified date in

4    2005.

5    Instead, the FAC adds allegations about another individual named Kannon

6    "Caviar" Cross and an entity named Grand Hustle LLC (Id. ¶ 7, 31)  But again does

7    not allege that this individual or the entity had any interaction with Plaintiff at any

8    time past the day following the alleged encounter. (Id.¶ 99-104)

9    **C.    Legal Framework**

10    A complaint "must contain sufficient factual matter, accepted as true, to 'state a

11    claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678

12    (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is

13    facially plausible when it "allows the court to draw the reasonable inference that the

14    defendant is liable for the misconduct alleged." *Id.*  "[T]o survive a motion to

15    dismiss, the non-conclusory factual content, <u>and</u> reasonable inferences from that

16    content, must be <u>plausibly suggestive</u> of a claim entitling the plaintiff to relief."

17    (emphasis added) *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

18    Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a

19    cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable

20    legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

21    "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for

22    failure to state a claim upon which relief can be granted 'tests the legal sufficiency of

23    a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011)

24    (*quoting Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  A complaint must (1)

25    "contain sufficient allegations of underlying facts to give fair notice and to enable the

26    opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement

27    to relief, such that it is not unfair to require the opposing party to be subjected to the

28

expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc*., 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted); see also *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). As such, a complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), or otherwise, without leave to amend, is proper when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted), or when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III.    POINTS AND AUTHORITIES

### A.    This Lawsuit, the Complaint, and All Claims Asserted Therein Are Barred by the Applicable Statute of Limitations.

As an initial matter, all the claims asserted in the FAC continue to be time-barred by the relevant statutes of limitations. And while the FAC states in conclusory fashion that "[t]he applicable statute of limitations does not bar the claims asserted herein," (referencing C.C.P. § 340.16 (b) and (e) in particular), the FAC fails to sufficiently allege any factual basis entitling Plaintiff to circumvent applicable

statutes of limitations, specifically those found in California's Code of Civil Procedure § 335.1 and § 340.16. (FAC ¶¶ 14-22)

The California Supreme Court has articulated that statutes of limitations are intended to "protect defendants from the necessity of defending stale claims and require plaintiffs to pursue their claims diligently." *Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 488 (1996) (explaining that statute of limitations are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") Indeed "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* When it is clear from the face of the Complaint that the statute of limitations has run on the claims asserted therein, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate. *See Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

At best, Plaintiff had up to December 31, 2007, to file the instant lawsuit based on the facts alleged in the Complaint. Yet, Plaintiff did not file this instant lawsuit until January 2, 2024 -- over sixteen (16) years past that statutory deadline, and nineteen (19) years after the alleged wrongful conduct occurred. As such, the claims asserted in the FAC are time-barred. Further, as is clear from Plaintiff's second attempt to circumvent the statute of limitations with the FAC, there is no factual basis whatsoever upon which to redeem or revive any actionable claims by Plaintiff against Defendants based on the 2005 encounter alleged in the FAC.

### 1.    CCP § 335.1: 2 Year Statute of Limitations for All Torts

When the alleged conduct at issue in this case allegedly occurred in 2005, the only California statute of limitations applicable to all the claims asserted in the FAC was C.C.P. § 335.1, establishing that "action[s] for assault, battery, or injury to, or for

1  the death of, an individual caused by the wrongful act or neglect of another" must be

2  filed within two (2) years from the conduct at issue.  *See* C.C.P. § 335.1

3        Thus, any lawsuit based on the allegations in the FAC in the would have had to

4  have been brought sometime in 2007, and, as a result, the **all the claims are**

5  **absolutely time-barred by the statute of limitations after December 31, 2007**.

6        *2.    CCP § 340.16(a): 2019 Expanded Statute of Limitations for*

7        *Sexual Assault Actions to Ten years*

8        Fourteen (14) years after the conduct alleged in this case allegedly occurred,

9  and twelve (12) years *after* the statute of limitations expired for any claims based on

10  the alleged conduct, the California legislature enacted C.C.P. § 340.16(a), expanding

11  the statute of limitations for civil actions seeking recovery of damages as a result of

12  sexual assault (experienced as an adult) to the latter of ten (10) years from the

13  conduct itself, or three (3) years from discovery of the conduct.[3]  *See* CCP §

14  340.16(a). When enacted, there was no provision for this limited expansion of the

15  statute of limitations to be applied retroactively.  However, assuming *arguendo,* if

16  this statutory provision were applied retroactively, which it could not be, the claims

17  asserted in this case would still have been time-barred by Section 340.16(a)'s statute

18  of limitations after December 31, 2015.

19        *3.    CCP § 340.16(b)(3): Applying 10 year Expanded Statute of*

20        *Limitations for Sexual Assault Actions to Conduct occurring after*

21        *January 1, 2009*

22        Indeed, two (2) years after California expanded the statute of limitations for

23  certain sexual assault cases -- sixteen (16) years after the alleged conduct in this case

24  allegedly occurred and fourteen (14) years *after* the statute of limitations expired for

25  any claims based on the alleged conduct -- the California legislature amended C.C.P.

26  _____

27  [3]      "Sexual Assault" is defined in subdivision (b)(1) as conduct described in

28  California Penal Code §§ 243.4, 261, 262, 264.1, 286, 287, or 289, or former §§ 262 and 288a.

§ 340.16(a) in 2022 to add subdivision (b)(3).  This amendment expressly provided that otherwise time-barred civil actions even after the enactment of C.C.P. § 340.16 (a), could be revived if the alleged sexual assault <u>occurred on or after January 1, 2009</u>, and a lawsuit was filed before December 31, 2026. *See* C.C.P. § 340.16 (b)(3).

The 2022 amendment does not apply to this lawsuit, which is solely based on conduct that occurred in 2005, because the California Legislature determined that it should only reach back to conduct that occurred on or after January 1, 2009.  As such, even with this 2022 amendment, the claims asserted in the FAC against the Defendants are still time-barred as this lawsuit is brought more than sixteen (16) years past the expiration of the applicable statute of limitation -- December 31, 2007.

> 4. *CCP § 340.16(e): Providing a One Year Window in 2023 For Actions Against Entities Legally Responsible for the Attempted Cover-Up of Previous Sexual Assault Actions*

The same 2022 amendment to C.C.P. § 340.16 adding subdivision (b)(3), also provided for subdivision (e), which expressly provided a one-year window -- <u>between January 1, 2023 – December 31, 2023</u> -- to allow for the filing of ***civil actions against entities*** otherwise barred by the statute of limitations, seeking recovery of damages as a result of sexual assault (experienced as an adult) ***only if all three conditions exist***: (a) a plaintiff alleges that they were sexually assaulted; (b) That one or more entities are "legally responsible for damages arising out of the sexual assault;" and (c) "[t]he entity or entities, including but not limited to, their officers, directors, representatives, employees, or agents, engaged in a cover up or attempted a cover up of a previous instance or allegations of sexual assault by an alleged perpetrator of such abuse." *See* C.C.P. § 340.16(e)(1) and (2)(A)-(C).  Here, however**, the FAC fails to allege any facts sufficient to revive any time-barred claims under C.C.P. § 340.16(e)(2)(A)-(C).**

//

//

### a. CCP § 340.16(e) Provides For An Action Against Entities Only

"Subsection (e), does not provide for the action against the [alleged] perpetrator, which is contained in (a). Subsection (e) is specific as to the company that covers up or attempts to cover up what had happened." *F. G. v. Weinberg*, 2023 Cal. Super. LEXIS 58745, *6 (Cal. Sup. August 25, 2023). As such, C.C.P. § 340.16(e) does not provide a statutory basis for any of the claims asserted in the FAC against the Harrises – the only properly named, identified and served defendants currently in this action. Instead, C.C.P. § 340.16(e) provided a one year window that closed on December 31, 2023, for a Plaintiff to assert a claim for damages against *an entity* from a purported sexual assault, regardless of when it occurred, only if the Plaintiff sufficiently alleges that the entity engaged in a "cover up."

Further to the extent that C.C.P. § 340.16(e)(5) states that if -- and only if -- a Plaintiff satisfies all three requirements of subsection (e)(2), can the Plaintiff revive a related *claim* arising out of the sexual assault that is the basis for the claim under subsection (e)(2), specifically citing "wrongful termination" and "sexual harassment" underscores that the legislature did <u>not</u> intend to revive time-barred claims against other (non-entity) parties, including any potential individual defendants who are expressly subject to the limitations periods set forth in § 340.16 (a) and (b), but only otherwise time-barred claims (*e.g.* employment, contract claims that are not torts subject to different statutes of limitations) against the same entity.[4]

As discussed herein, the FAC does not sufficiently allege the necessary requirements under § 340.16(e)(2) required to circumvent the statute of limitations on any of Plaintiff's claims against any entity. Regardless, Plaintiff cannot reasonably use or rely upon subsection (e)(5) to magically revive claims against the Harrises,

---

[4]    Subsection (e)(5) states "revives any related claims, including, but not limited to, wrongful termination and sexual harassment, arising out of the sexual assault that is the basis for a claim pursuant to this subdivision."

when any claims against them based on the alleged 2005 conduct are time-barred pursuant to C.C.P. § 335.1, as well as § 340.16 (a) and (b). (FAC ¶ 14-22)

### b. CCP § 340.16(e) Provided a One Year Window for Filing Claims against Entities that Passed Eight Months Ago

Plaintiff did not file any lawsuit under §340.16(e) **until eight months past the express statutory window** for doing so had closed on December 31, 2023. *See* C.C.P. § 340.16(e)(1). This action was filed on January 2, 2024, against the individual defendants <u>only,</u> without alleging any facts whatsoever about any entity being legally responsible for the purported sexual assault, or any such coverup by a legal entity as required by C.C.P. § 340.16(e)(2) in order to revive a time-barred claim under that provision. It was not until eight months later -- on August 28, 2024, that Plaintiff even identified an entity -- Grand Hustle, LLC (which remains unidentified in the case caption, and against which no summons has been sought).[5]

There is no discernible or reasonable justification for why Plaintiff would wait over eight months past the express statutory deadline to file an action under C.C.P. § 340.16(e)(1) based on conduct that occurred nineteen years ago. The entity has not been hidden, and easily discoverable. As discussed, § 340.16(e) does not even apply to the Harrises, because they are individuals, not entities. But even if it could, the action would still be time-barred as it was filed *after* the timeframe expressly set forth in this subdivision (e) of the statute -- between January 1, 2023 – December 31, 2023, which the California legislature created with full knowledge that December 30-31, 2023, fell on a weekend. Thus, any action necessarily would have had to have been initiated on Friday, December 29, 2023, not January 2, 2024, and definitely not eight months later on August 28, 2024.

---

[5]      As discussed in fnte 1, *supra*, the failure to identify Grand Hustle, LLC in the caption and serve such entity is fatal to Plaintiff's ability to assert any claims against it.

As a federal court, citing the California Supreme Court, noted in relation to a different statute of limitations, such statutes "reflect[] the balance the Legislature struck between a plaintiff's interest in pursuing a meritorious claim and the public policy interests in prompt assertion of known claims. The courts may not shift that balance by devising expedients that extend or toll the limitations period." *See Vinayagam v. Pierc*e, 2023 U.S. Dist. LEXIS 159673, at *8 (N.D. Cal. Feb. 6, 2023)( *citing Beal Bank, SSB v. Arter & Hadden, LLP*, 42 Cal. 4th 503, 512, (2007).

In sum, to the extent that Plaintiff seeks to avail herself of the express one-year window within which to revive claims under § 340.16 (e), she did not even file this action within the express statutory window, and in fact did not file under this specific provision until eight months after the deadline had passed.  Thus, Plaintiff is absolutely time-barred from reviving any claim under subsection (e) – against an entity or any individuals.

> c. *CCP § 340.16(e)(2)(C) Requires Sufficient Allegations of a Cover Up of Previous Allegations of Sexual Assault to Have Revived Any Claim Against an Entity in 2023*

The FAC fails to allege facts sufficient to establish that that any entity "engaged in a cover up or attempted a cover up of a previous instance or allegations of sexual assault by an alleged perpetrator of such abuse."  *See* C.C.P. § 340.16(e)(2)(C).  The term "cover up" is defined as (1) "a concerted effort" (2) "to hide evidence relating to a sexual assault" that (3) "incentivizes individuals to remain silent or prevents information relating to a sexual assault from becoming public or being disclosed to the plaintiff, including, but not limited to, the use of nondisclosure agreements or confidentiality agreements."  C.C.P. § 340.16(e)(4)(A).  A "concerted effort" involves multiple actors within an entity working together to suppress evidence, intimidate witnesses, or use legal tools like nondisclosure agreements to silence victims and prevent them from speaking out about the assault.  *See Jane Doe*

1   *#21 (S.H.) v. CFR Enterprises, Inc.*, 93 Cal. App. 5th 1199; *I.J. v. Weinberg*, 2023
2   Cal. Super. LEXIS 58920, *Davalos v. Sanguinetti*, 2023 Cal. Super. LEXIS 83528.

3       There are no allegations whatsoever in the FAC about the use of any
4   nondisclosure agreements or confidentiality agreements ***at any time***, let alone as part
5   of a "concerted effort" to hide evidence, or silence anyone – including the Plaintiff.
6   Specifically, there are no allegations whatsoever of any conduct constituting a "cover
7   up" of any "***previous*** instance or allegations of sexual assault" between 2003, when
8   Grand Hustle, LLC was allegedly founded (FAC ¶ 7), and the unspecified date in
9   2005 when Plaintiff's alleged encounter with Defendants occurred as expressly
10  required under C.C.P. § 340.16(e)(2)(C). *See Jane Doe #21 (S.H)*, 93 Cal. App. 5th at
11  1212.

12      Further, there are no plausible allegations that evidence of any sexual assault
13  was hidden, or that any individual was intimidated or harassed into silence about an
14  alleged sexual assault –including Plaintiff.  And while insufficient to satisfy provision
15  (e)(2)(c), which specifically requires a cover up of a "*previous* instance of allegations
16  of sexual assault" by an entity, there are not even any factual allegations of a cover up
17  or attempted cover up of Plaintiff's alleged encounter with Defendants.  There are no
18  allegations in the FAC that she ever interacted with any Defendants past the
19  unspecified date in 2005 of the alleged encounter.  Indeed, quite the opposite -- she
20  felt very free to discuss her circumstances with multiple people, including friends and
21  family members, and take her concerns to a public social media forum.[6]  (FAC ¶ 108-
22  109, 111)

23
24  _____

25  [6]      As such there are no factual allegations in the FAC that establish any remote
26  possibility, let alone a plausible one, that the allegations in the Complaint give rise to
    any viable claim against the Defendants based on any unconscionable conduct
    placing Plaintiff in any state of duress.  *See Weinberg*, 2023 Cal. Super. LEXIS
27  58745, *6-7, *citing Ortega v. Pajaro Valley Unified School Dist.*, 64 Cal. App. 4th
28  1023, 1049 (1998); *John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438, 446
    (1989)(citing the possibility, based on sufficient factual evidence that a defendant

Instead, the FAC relies on conclusory allegations, and regurgitation of the statutory definition of a "cover up" without the presentation of any factual allegations of such conduct by any entity.[7] (FAC ¶ 21)  Simply stating that there was a "cover up" and reciting the statutory definition of a "cover up" is insufficient to state a claim under § 340.16(e)(2).  *See Davalos v. Sanguinetti*, 2023 Cal. Super. LEXIS 83528, *6-7 ( "[r]ather than provide any specific facts related to the alleged coverup, Plaintiff just recites the definition of cover up from Section 340.16(e)(4)(A). This is not enough to satisfy this prong of the Revival Statute.")  The statute requires that any claims revived against entities under this provision are substantiated by concrete factual allegations of concealment efforts by the responsible entities – a requirement Plaintiff fails to meet at any level.

The absence of any plausible allegations of a cover up are fatal to Plaintiff's attempt to revive any time-barred claims in the FAC, all of which remain subject to the two year statute of limitations under C.C.P. § 335.1.

///

///

---

may be estopped from asserting noncompliance with the statute of limitations if defendant "committed unconscionable acts and plaintiffs acted within a reasonable time after the coercive effect of those acts had ended.")

[7]  The FAC seemingly makes a feeble, and wildly implausible, argument that there was a cover up because when she woke up on the morning following the encounter that she voluntarily ended, she was not allowed to rifle through the room while Defendants were sleeping in the bed, unable to take the hotel robe with her, or locate her undergarments, which she claimed contained "DNA evidence" of Defendants.  (FAC ¶ 92-93)  Being rushed out of the hotel room where Defendants were sleeping hardly amounts to "a concerted effort" by multiple entity employees to suppress evidence or intimidate her, and did not, in fact, constitute as much because as Plaintiff describes the encounter in the FAC, she removed her clothes and showered before getting into the bed fully unclothed with the Harrises, and as such there was no physical contact resulting in any "DNA evidence."

### d. CCP § 340.16(e)(2)(C) Requires Sufficient Allegations that an Entity Is Legally Responsible For Damages Arising Out Of The Purported Sexual Assault

FAC fails to allege facts sufficient to establish that that any entity could be held "legally responsible" for any damages arising out of the purported 2005 encounter. *See* C.C.P. § 340.16(e)(2)(B). "Legally responsible" is defined as meaning that "the entity or entities are liable under any theory of liability established by statute or common law, including, but not limited to, negligence, intentional torts, and vicarious liability." C.C.P. § 340.16(e)(4)(C).

An employer may only be held legally responsible for tortious conduct by an employee if the tort is committed within the course and scope of employment. *Perez v. Van Groningen & Sons, Inc.*, 41 Cal.3d 962, 967 (1986). Further "an employer will not be held vicariously liable for an employee's malicious or tortious conduct if the employee substantially deviates from the employment duties for personal purposes." *Farmers Ins. Grp. v. Cty. of Santa Clara*, 11 Cal.4th 992, 1005 (1995) (emphasis added)(" if an employee's tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of respondeat superior.")  Indeed, it is well-established that an employer entity cannot generally be held vicariously liable for an employee's individual and independent acts of sexual misconduct.[8]  Nor does an employer have any obligation to indemnify

---

[8] . *See, e.g., Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291 (1995) (hospital not liable under doctrine of respondeat superior for technician's sexual assault of a patient); *Debbie Reynolds Professional Rehearsal Studios v. Superior Court*, 25 Cal.App.4th 222 (1994) (dance studio not vicariously liable for sexual abuse of student by instructor); *Jeffrey E. v. Central Baptist Church*, 197 Cal.App.3d 718 (1988) (church not liable under respondeat superior for molestation of student by Sunday school teacher); *Rita M. v. Roman Catholic Archbishop, 187 Cal.App.3d 1453, 1461 (1986)* (("Plaintiffs could not seriously contend that sexual relations with parishioners are either required by or instant to a priest's duties.");

a sexual harasser, even though the wrongful acts occurred during work hours and on the employer's premises.  See *Farmers Ins. Grp*, *supra*, 11 Cal.4th at 1005.

Notwithstanding that the FAC fails to sufficiently set forth factual allegations of any sexual assault and/or battery, or false imprisonment or negligence against any party, the FAC fails to set forth any specific allegations that the Harrises, after retiring to their hotel room where they slept overnight, were engaged in occupational duties when they showered and got into the hotel bed with Plaintiff, who voluntarily disrobed, showered, and got into bed with them.  Indeed the FAC specifically states as much stating that the purported "false imprisonment" serving as the basis of Plaintiff's claim against Grand Hustle, LLC, occurred for Harrises "own sexual gratification" --  not any purported employment duties. (FAC ¶ 27)

FAC does not trigger Code of Civil Procedure § 340.16(e). Subdivision (e) only revives claims that allege an "entity" is both (1) "legally responsible" for the plaintiff's injuries and (2) engaged in a "cover up" of other acts of sexual assault. The FAC does not set forth allegations to satisfy these two requirements. As such, there is no provision of C.C.P. § 340.16 whatsoever that provides safe harbor for any of Plaintiff's claims asserted in the FAC against any defendants (actual or intended), including the Harrises.

///

///

---

*Alma W. v. Oakland Unified Sch. Dist.*, 123 Cal.App.3d 133, 141 (1981) (the employee's "act of rape was not an integral part of a course of action on behalf of his employer, but rather an independent, self-serving pursuit wholly unrelated to his custodial duties.");

**B.     Plaintiff Fails to Set Forth Sufficient Non-Conclusory, Factual Allegations to Establish Any Cognizable Claims for Relief Against Defendants.**

The FAC amended the causes of action that Plaintiff is pursuing against the Harrises to sexual battery (count 1), battery (count 2), sexual assault (count 3), and intentional infliction of emotional distress (count 6).   The remaining causes of action – negligence (count 4), and false imprisonment (count 5) – are asserted against Grand Hustle, LLC, an entity which has not been named in the caption and for which no summons has been sought or issued.[9]

*1.     Plaintiff Fails to State a Claim for Battery, Sexual Battery or Assault against the Harrises*

The first three causes of action for Battery, Sexual Battery and/or Sexual Assault share a fundamental element – lack of consent.  For battery and sexual battery, a plaintiff must establish generally that a defendant intended to cause a harmful or offensive touch or contact with a plaintiff and that she "did not consent to" such touch or contact.  *See So v. Shin*, 212 Cal.App.4th 652, 669 (2013)(elements of battery generally); *Angie M. v. Superior Court* 37 Cal.App.4th 1217, 1225 (1995) (1995) (applying elements to sexual battery).  "The element of lack of consent to the particular contact is an essential element of battery." *Rains v. Superior Court*, 150

---

[9] Plaintiff's claims against Grand Hustle, LLC for negligence and/or false imprisonment necessarily fail as the FAC fails to sufficiently allege factual allegations from which it can be plausibly inferred that the entity either breached a legal duty to use due care against Plaintiff, required to state a cause of action for negligence, *see Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996), or somehow would be responsible for some "nonconsensual, intentional confinement" of Plaintiff," *see Scofield v. Critical Air Medicine, Inc.*, 45 Cal.App.4th 990, 1001 (1996).  However, as these claims are not being asserted against the Harrises, the only defendants named in the Caption and served with a summons and complaint in this action, they are not necessarily before the Court at this time.

Cal.App.3d 933, 938 (1984). "As a general rule, one who consents to a touching cannot recover in an action for battery. . . .  However, it is well-recognized a person may place conditions on the consent.  If the actor exceeds the terms or conditions of the consent, the consent does not protect the actor from liability for the excessive act." *Ashcraft v. King*, 228 Cal.App.3d 604, 609-610 (1998).  Lack of consent is also a necessary element of a claim for assault.  *See Shin,* 212 Cal. App. 4th. at 668-669.

While the FAC repeatedly asserts the conclusory allegation that Plaintiff "did not consent" to being touched by Harrises, the factual allegations set forth in the FAC do not give rise to a plausible inference that she lacked consent.  The salacious detailed factual allegations set forth in the FAC reflect that Plaintiff voluntarily, and consciously, participated in the alleged 2005 encounter up to the point when she said "no" and removed herself from the bed with Defendants, who honored her expressed desire to leave the encounter, go to the bathroom, sit on a couch until the morning, and then leave.  (FAC ¶¶ 69-80).

## 2. *Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress Against the Harrises*

To establish a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009).  Here no such "extreme and outrageous conduct" is alleged by the FAC, which instead sets forth factual allegations detailing Plaintiff's intentional, voluntary, conscious and active participation in the encounter

Again, the FAC fails to establish either one of these necessary elements but instead establish that (a) Plaintiff voluntarily, consciously, and actively participated in an alleged sexual encounter where all the details were explained to her at the outset before she agreed to participate (FAC. ¶ 56), and (b) Defendants did not prevent the Plaintiff from ending the encounter, going to the bathroom, resting on the couch,

and/or leaving the room (Id. at ¶ 69-80).   Moreover, the factual allegations demonstrate Defendants acted with due care and diligence to allow Plaintiff to care for herself physically, and emotionally, during the alleged encounter – the exact antithesis of "extreme and outrageous conduct."

## IV.    CONCLUSION

For a second time, Plaintiff has filed a complaint that presents long time-barred claims that cannot be revived under any statute.  There is no possibility of an amendment that could cure this fatal defect.  Moreover, the FAC continues to rely on conclusory statements, and not factual allegations that sufficiently establish that Plaintiff has any viable claim against the Harrises.   As such, Defendants respectfully request the Court dismiss the Complaint in its entirety, *with prejudice*, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  September 12, 2024          CAMERON | JONES LLP

_/s/ Indira J. Cameron-Banks_
Indira J. Cameron-Banks

ATTORNEYS FOR DEFENDANTS

*CLIFFORD HARRIS, and TAMEKA HARRIS,*

Motion to Dismiss the First Amended Complaint