CAMERON | JONES LLP
Indira J. Cameron-Banks (SBN 248634)
 indira@cameronjones.law
Terrence M. Jones (SBN 256603)
 terrence@cameronjones.law
407 N. Maple Dr., Grnd. 1
Beverly Hills, California 90210
Tel: 424.757.0585

Attorneys for Defendants
*Clifford Harris and Tameka Harris*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual<br><br>                     *Plaintiff*,<br><br>     vs.<br><br>CLIFFORD HARRIS, an individual PKA TI, TAMEKA HARRIS, an individual PKA Tiny, ABC Corp. 1-20, 123 Corp, and DOES 1-20 inclusive,<br><br>                     *Defendants*. | Case No.: 2:24-cv-02604-SPG-JC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S UNTIMELY BRIEF IN OPPOSITION TO AND TO STRIKE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO  FED. R. CIV. P. 12(b)(6)**<br><br>[ATTACHMENT A]<br><br>Hon. Sherilyn Peace Garnett |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ - 1 -

II.   IT IS UNDISPUTED THAT PLAINTIFF'S CLAIMS AGAINST THE HARRISES ARE ABSOLUTELY TIME-BARRED BY THE STATUTE OF LIMITATIONS WHICH RAN SIXTEEN YEARS AGO ........................................................................... - 3 -

II.   THE COURT SHOULD NOT STRIKE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT ........................................................................ - 6 -

III.  THE COURT SHOULD DENY PLAINTIFF'S IMPROPER REQUEST TO AMEND THE COMPLAINT FOR A SECOND TIME. ............................................ - 9 -

     A.   Plaintiff Already Amended the Complaint to Try and Assert the Time-Barred Claims Against the Harrises and Failed To Do So .......................................... - 11 -

     B.   It Would Be Futile to Allow Plaintiff an Opportunity to Amend the Complaint to Assert Claims Against the Harrises ............................................................ - 12 -

     C.   Plaintiff's Instant Request to Amend the Complaint for A Second Time Is Unduly Delayed, Brought in Bad Faith, and Highly Prejudicial to the Harrises ..................... - 14 -

          1.   Undue Delay ......................................................................... - 14 -
          2.   Bad Faith .............................................................................. - 15 -
          3.   Highly Prejudicial to Defendants ....................................... - 16 -
               a.  The Court Should Strike the Proposed Allegations That Are False and "Sham" ................................................ - 17 -

IV.   CONCLUSION ................................................................................................. - 18 -

1

# TABLE OF AUTHORITIES

2

**Cases**

*Atuatasi v. City of L.A., No. CV 15-38 MWF*
(MRW), 2015 U.S. Dist. LEXIS 75254 (C.D. Cal. Apr. 14, 2015) ......................... - 15 -

*Azadpour v. Sun Microsystems,*
No. 06-3272, 2007 U.S. Dist. LEXIS 55502 (N.D. Cal. July 23, 2007) ................. - 19 -

*Barbour v. California, No. EDCV 22-926 JGB*
(KKx), 2023 U.S. Dist. LEXIS 196472 (C.D. Cal. Aug. 1, 2023) ......................... - 15 -

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) ......................................................................... - 14 -

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) ....................................................................... - 16 -

*Bradley v. Chiron Corp.*,
136 F.3d 1317 (9th Cir. 1998) ..................................................................... - 19 -

*Caldera v. J.M. Smucker Co.*,
2013 U.S. Dist. LEXIS 183977 (C.D. Cal. June 3, 2013) ................................. - 9 -

*Carlton v. Hertz Corp., No. CV 12-07178 JGB*
(MRWx), 2013 U.S. Dist. LEXIS 13849 (C.D. Cal. Jan. 28, 2013) .................... - 14 -

*Chang v. Chen*,
80 F.3d 1293 (9th Cir. 1996) ....................................................................... - 12 -

*Coolers v. 99 Cents Only Stores LLC*,
2019 U.S. Dist. LEXIS 40915 (C.D. Cal. Jan. 10, 2019) ................................. - 17 -

*Covert v. City of San Diego*,
2016 U.S. Dist. LEXIS 169434 (S.D. Cal. Dec 6, 2016) ................................. - 17 -

*DCD Programs*,
833 F.2d 183 (9th Cir. 1987) ...............................................................- 14 -, - 18 -

*Deleon v. Time Warner Cable LLC, No. CV 09-2438 AG*
(RNBx), 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009 .................................. - 12 -

*Deleon v. Time Warner Cable LLC, No. CV 09-2438 AG*
(RNBx), 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) ...................... - 15 -

*Foman v. Davis*,
371 U.S. 178 (1962) .................................................................................... - 13 -

*Griggs v. Pace American Grp.*,
170 F.3d 877 (9th Cir. 1999) ....................................................................... - 17 -

*Grisham v. Philip Morris*,
670 F. Supp. 2d 1014 (C.D. Cal. 2009) ......................................................... - 13 -

*Harbridge v. Schwarzenegger*, No. CV 07-4486-GW
  (SH), 2012 U.S. Dist. LEXIS 208556 (C.D. Cal. Jan. 4, 2012) ................................. - 19 -

*Heerema Marine Contractors v. Santa Fe Int'l Corp.*,
  582 F. Supp. 445 (C.D. Cal. 1984) ................................................................... - 13 -

*Howey v. United States*,
  481 F.2d 1187 (9th Cir. 1973) ........................................................................ - 18 -

*In re Syncor Int'l Corp. Sec. Litig.*,
  327 F. Supp. 2d 1149 (C.D. Cal. 2004) ............................................................. - 13 -

*Jackson v. Marion County*,
  66 F.3d 151 (7th Cir. 1995) ........................................................................... - 19 -

*James R. Glidewell Dental Ceramics*,
  2016 U.S. Dist. LEXIS 189416 (C.D. Cal. 2016) ................................................ - 9 -

*Jones v. Bayer Healthcare LLC*,
  No. 08-2219-SC, 2009 U.S. Dist. LEXIS 40674, 2009 WL 1186891 at *3 (N.D. Cal. May 4, 2009) .... - 19 -

*Komie v. Buehler Corp.*,
  449 F.2d 644 (9th Cir. 1971) .......................................................................... - 16 -

*Kroessler v. CVS Health Corp.*,
  977 F.3d 803 (9th Cir. 2020) .......................................................................... - 14 -

*Leitner v. Sadhana Temple of N.Y., Inc.*, No. CV 13-07902 MMM
  (Ex), 2014 U.S. Dist. LEXIS 200770 (C.D. Cal. May 8, 2014) ............................. - 14 -

*Leitner*,
  2014 U.S. Dist. LEXIS 200770 ............................................................... - 16 -, - 17 -

*Leonard v. Countrywide Home Loans, Inc.*, No. CV 10-1381 PA
  (SSx), 2010 U.S. Dist. LEXIS 153156 (C.D. Cal. May 24, 2010) ......................... - 15 -

*Lopez v. Wells Fargo Bank*,
  2016 U.S. Dist. LEXIS 144380 (C.D. Cal. Oct. 17, 2016) ................................... - 9 -

*Moore v. Kayport Package Exp.*,
  885 F.2d 531 (9th Cir. 1989) .......................................................................... - 14 -

*Plumlee v. Pfizer*,
  664 F. App'x. 651 (9th Cir. 2016) ................................................................... - 14 -

*Sanchez v. City of Fresno*,
  914 F. Supp. 2d 1079 (E.D. Cal. 2012) ............................................................ - 19 -

*Sandoval v. Budget Rent A Car*, No. LACV
  20-07069-VAP, 2020 U.S. Dist. LEXIS 170692 (C.D. Cal. Sep. 3, 2020) .............. - 16 -

*Shermoen v. United States*,
  982 F.2d 1312 (9th Cir. 1992) ........................................................................ - 14 -

*Shuttle Bus Leasing v. Edison Trans. LLC*, No. CV 13-0675 BRO
  (OPx), 2013 WL 12200440 (C.D. Cal. Aug. 26, 2013) ...................................... - 16 -

*Sorosky v. Burroughs Corp.*,
  826 F.2d 794 (9th Cir. 1987) .......................................................................... - 17 -

*Stonebrae*,
 2010 U.S. Dist. LEXIS 1199 (N.D. Cal. Jan. 7, 2010) ............................................. - 20 -

*Sussex Fin. Enters. v. Bayerische Hypo-Und Vereinsbank*,
 2010 U.S. Dist. LEXIS 163474 (N.D. Cal. 2010) ................................................ - 10 -

*Wilburn v. Bracher*,
 2015 U.S. Dist. LEXIS 142044 (E.D. Cal. Oct. 19, 2015) ................................... - 19 -

*Yagman v. Garcetti*,
 852 F.3d 859 (9th Cir. 2017) .......................................................................... - 13 -

*Yagman v. Wunderlich*,
 2021 U.S. Dist. LEXIS 233307 (C.D. Cal. Nov. 22, 2021) ................................. - 13 -

**Statutes**

C.C.P § 340.16 ........................................................................................................... *-passim-*

C.C.P. §335.1 .............................................................................................................. - 6 -

**Other**

Fed. R. Civ. P. 12 ....................................................................... - 3 -, - 5 -, - 19 -

California Rule Prof'l Conduct 5.5 ............................................................. - 11 -

Local Rule 7-3 ...................................................................................... - 9 -, - 10 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants Clifford Harris ("Mr. Harris"), and Tameka Harris ("Mrs. Harris")(collectively, "Harrises" or "Defendants") respond to Plaintiff's recent filing titled "Opposition and Motion to Strike" Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") which seemingly includes the arguments of an untimely opposition brief to Defendants' motion, and a procedurally improper Motion to Strike Defendants' motion, along with another procedurally improper Motion for Leave to file an amended complaint.  With this response, Defendants respectfully request that this Court not only strike Plaintiff Jane Doe's untimely and improper "Opposition and Motion to Strike," but also deny Plaintiff's procedurally improper motion to file a Second Amended Complaint buried within the purported "Opposition and Motion to Strike."  Further, as the "Opposition and Motion to Strike" does not address the issues presented in Defendants' Motion to Dismiss the FAC, the Court should grant the motion in its entirety, and dismiss the FAC asserting claims against the Harrises, with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim upon which relief can be granted.

As Defendants have repeatedly raised -- and Plaintiff has *repeatedly* refused to address -- the claims asserted against the Harrises in this action are absolutely time-barred because the statute of limitations for such claims has long-expired, over sixteen years ago.  This issue was raised in Defendants' first Motion to Dismiss the Complaint (Dkt. 29.) filed in this case, which was *unopposed* by Plaintiff, and continued to plague the FAC that the Court generously allowed Plaintiff to file.

Plaintiff's counsel refused to meet and confer regarding the insurmountable hurdle precluding claims against the Harrises, and instead waited over one month later to file an "Opposition and Motion to Strike" Defendants' second Motion to Dismiss the (First Amended) Complaint, that *again* failed to address why Plaintiff's claims against the Harrises are not over sixteen years expired, barred by the statute of

1   limitations.  This repeated failure highlights the obvious – Plaintiff cannot overcome

2   the statute of limitations, which absolutely precludes her from bringing any claims

3   against the Harrises based on the events alleged in this case.

4   Ignoring the undisputed fact that the claims against the Harrises are absolutely

5   time-barred by the statute of limitations, Plaintiff's "Opposition and Motion to

6   Strike" instead makes a thinly veiled attempt to distract the court by devoting pages

7   to an unbelievable tale about why Rodney Diggs, the only attorney of record in this

8   action, failed to ever communicate with Defense counsel, or file any timely

9   opposition brief in this case, and is somehow just a strawman for two attorneys who

10  are neither (a) authorized to represent Plaintiff before this court, nor (b) attorneys of

11  record in this action.  The arguments made by Plaintiff's counsel not only highlight

12  their own haphazard and lackadaisical prosecution of this matter, but it also

13  underscores how lightly they take this Court's ethical, procedural, and substantive

14  laws, rules, and deadlines.  These arguments provide no basis for the Court to strike

15  Defendants' Motion to Dismiss the First Amended Complaint.

16  And again, without any explanation of why the Court should allow time-barred

17  claims to proceed against the Harrises, Plaintiff's "Opposition and Motion to Strike"

18  simply spews --without any permission to do so -- wilder, more salacious, and

19  baseless allegations that contradict those asserted in the first two versions of Jane

20  Doe's complaints.  Notwithstanding the fact that Plaintiff never moved to amend the

21  FAC at any time prior to the Court vacating the hearing on Defendants' Motion to

22  Dismiss, the purported new "allegations" would <u>not</u> cure the time-bar issue plaguing

23  all claims asserted against the Harrises, thereby affording the Court the right to deem

24  them as false and a "sham."  The proposed amendment to the Complaint is improper

25  because it is brought in bad faith, untimely, prejudicial, and futile.  Thus, Plaintiff's

26  request should be denied.

27  In sum, the Court should grant Defendants' Motion to Dismiss the FAC, and

28  dismiss all claims asserted against the Harrises (the only named and served

1    Defendants in this matter), *with* prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for

2    failure to state a claim upon which any relief can be granted.

3    **II.    IT IS UNDISPUTED THAT PLAINTIFF'S CLAIMS AGAINST THE HARRISES ARE ABSOLUTELY TIME-BARRED BY THE STATUTE OF LIMITATIONS WHICH RAN SIXTEEN YEARS AGO.**

4

5

6    To date, Plaintiff has never substantively opposed the points and authorities

7    cited by Defendants that undeniably confirm that any claims against them stemming

8    from the alleged events occurring in 2005 are absolutely time-barred by the statute of

9    limitations.[1] Plaintiff fails to provide any substantive or legal support, including

10   statutes, rules, regulations, case law, or otherwise, to justify bringing absolutely time-

11   barred claims.  As the Court aptly noted, "Defendants' statute of limitations defense

12   appears to be strong."  (Dkt. 36 at n.2.)  Indeed, as it remains undisputed.

13   **It is undisputed** that C.C.P. §335.1, establishing that "action[s] for assault,

14   battery, or injury to, or for the death of, an individual caused by the wrongful act or

15   neglect of another" must be filed within two (2) years from the conduct at issue, was

16   in effect at the alleged events in this case occurred on some unspecified date in 2005.

17   Indeed, Plaintiff does not address this statute at all in her Motion.  Any claims against

18   the Harrises, based on the alleged events occurring in 2005 would have had to have

19   been brought sometime in 2007 pursuant to the two-year statute of limitations

20   applicable to such claims.  *See* C.C.P. § 335.1.  (Dkt. 38 at 6:26-7:4; Dkt. 29 at 4.)

21   As such, all the claims asserted in the FAC are absolutely time-barred by the statute

22   of limitations after December 31, 2007.

23   **It is undisputed** that when the California Legislature enacted a statutory

24   provision CCP § 340.16(b)(3) in 2022, it only revived otherwise time-barred claims

25

26   [1] Defendants' arguments stem back to Defendants' June 27, 2024, Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. 29.)  These

27   arguments have remained consistent in Defendants' Sept. 12, 2024, Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

28   (Dkt. 38.)

stemming from a sexual assault that occurred on or after January 1, 2009 only.  (Dkt. 41 at 10:12-17; Dkt. 29 at 5:5-16.)

**It is undisputed** that the California Legislature enacted a statutory provision C.C.P. § 340.16(e) in 2022, which only revived otherwise time-barred claims against *entities* stemming from the alleged cover-up of an alleged sexual assault, if such claims were filed on or before December 31, 2023 pursuant to subsection (e) (Dkt. 41 at 10:18-11:2; Dkt. 38 at 8:14-25; Dkt. 29 at 5:20-7:4), <u>and</u> included all of the following allegations: that an individual was sexually assaulted, the entity is legally responsible for damages from the assault, and the entity had engaged in a previous cover-up of sexual assault (Dkt. 41 at 11:3-11; Dkt. 38 at 8:19-24; Dkt. 29 at 5:25-6:5).  **It is undisputed** that Plaintiff solely relies on C.C.P. § 340.16(e) in a futile attempt to revive her claims.  (Dkt. 41 at 10:18-22.)  Further, as follows, it is undisputed that Plaintiff fails to meet the requirements for bringing a claim under C.C.P. § 340.16(e):

- **It is undisputed** that no claims whatsoever were filed on or before December 31, 2023, against any entity in connection with the events alleged in the initial or amended Complaints as required for C.C.P. § 340.16(e) to apply.  (Dkt. 38 at n.1, 9:1-10:2, and 10:6-11:13.)  **It is undisputed** that to date – almost eleven months later – still no claims whatsoever have been properly asserted against any entity, as none has been identified in the case caption nor even had a summons issued against it.  (*Id.*)

- **It is undisputed** -- insofar as Plaintiff provides no allegations in the FAC and no arguments or proposed alternative (false or otherwise) facts in her "Opposition and Motion to Strike" briefing -- that Plaintiff has not, and could not, allege the elements required under C.C.P. § 340.16(e).  Specifically, Plaintiff has not, and indeed cannot, allege that any entity was *legally* responsible for damages arising out of any sexual assault against her.  (Dkt. 38 at 14:4-15:18.)  Further, and more glaringly, Plaintiff has not, and indeed cannot, allege that any entity engaged in a

cover-up of "a previous instance or allegations of" of sexual assault as expressly required by Section 340.16(e)(2)(C).  (Dkt. 38 at 11:17-13:14; Dkt. 29 at 6:8-11.) Instead, Plaintiff's allegation in the FAC, and in her "Opposition and Motion to Strike" briefing are fixated on the conduct of the Harrises, well-known celebrities, on some unspecified date in 2005, and others that occurred in the few days following that unspecified date.

Finally, **it is undisputed** that even if Plaintiff could for some reason assert claims under C.C.P. § 340.16(e), which she cannot, such claims could <u>only</u> be asserted against *entities*, not the Harrises as individuals.  (Dkt. 38 at 9:1-10:2 and 10:18-23; Dkt. 29 at 5:20-7:4.)  C.C.P. § 340.16(e) "does not provide for the action against the [alleged] perpetrator, which is contained in [Subsection] (a).  Subsection (e) is specific as to the company that covers up or attempts to cover up what had happened."  *F. G. v. Weinberg*, 2023 Cal. Super. LEXIS 58745, *6 (Cal. Sup. August 25, 2023).  As such, C.C.P. § 340.16(e) does not provide a statutory basis for any of the claims asserted in the FAC against the Harrises – the only properly named, identified and served defendants currently in this action, and the only Defendants seeking dismissal of the FAC, *with prejudice*.

Instead, C.C.P. § 340.16(e) provided a one year window that closed on December 31, 2023, for a Plaintiff to assert a claim for damages against *an entity* from a purported sexual assault, regardless of when it occurred, only if the Plaintiff sufficiently alleges that the entity engaged in a "cover up" of a "*previous* instance or allegation[s]" of sexual assault, and such entity could be legally responsible for the damages stemming from such assault.  (Dkt. 38 at 8:14-26; Dkt. 29 at 5:20-7:4.) Plaintiff did not file a lawsuit against any Defendant, let alone an entity, prior to December 31, 2023, and there are no alleged facts (in the FAC or the "Opposition and Motion to Strike" brief) that any entity engaged in a "cover-up" of a *previous* instance or allegation of sexual assault.

In sum, it is impossible for C.C.P. § 340.16(e) to revive any claims against the Harrises, and there's no possibility, at this time, for the statutory provision to revive any claims against any defendant whatsoever.  As proven by multiple briefings by the Harrises, and Plaintiff – including the recent "Opposition and Motion to Strike" – any and all claims against the Harrises stemming from the alleged 2005 events are absolutely time-barred, having expired sixteen years ago in 2007.

## II.  THE COURT SHOULD NOT STRIKE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT.

Defense counsel documented her proper meet and confer attempts with respect to the instant Motion to Dismiss the FAC in the Notice of the Motion itself.  These were proper, and provide no basis for striking the Motion.

In accordance with the Court's Local Rules, undersigned defense counsel tried to contact the only attorney of record in this case, and the only attorney authorized to represent Plaintiff before this Court – Rodney Diggs.  He chose to ignore those meet and confer attempts, and he then chose to ignore the ECF filing notices he received of the instant Motion to Dismiss, and the Notice of Non-Opposition to it.  The only thing that he seemingly responded to in this case is the Court's Order vacating the hearing on this Motion.  The response was the rambling "Opposition and Motion to Strike" brief.  In their brief, Plaintiff's counsel cast's aspersions on undersigned counsel in a desperate attempt to distract from the improper shell game he himself has been playing in order to avoid any accountability for the representations (many of which are false) he has made to this Court in this case.

Local Rule 7-3 requires that a "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" and that "the conference shall take place at least seven (7) days before the filing of the motion."  L.R. 7-3.  Local Rule 7-3 also requires the movant to make an affirmative statement in its notice of motion

1  "to the following effect: 'This motion is made following the conference of counsel

2  pursuant to L.R. 7-3, which took place on (date).'" *Id.*

3  "The purpose of Local Rule 7-3 is to help parties reach a resolution which

4  eliminates the necessity for a hearing," which "further[s] judicial economy and the

5  administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem.*

6  *Ins. Co.*, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. 2016)*; see also Lopez v.*

7  *Wells Fargo Bank*, N.A., 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17,

8  2016) ("Making two sides talk can significantly help focus and clarify disputes, even

9  when one side still has to file a motion at the end of the day."); *Caldera v. J.M.*

10  *Smucker Co.,* 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (the rule

11  "enables the parties to brief the remaining disputes in a thoughtful, concise, and

12  useful manner").

13  However, when a party attempts to meet and confer but the other party does

14  not respond, the moving party's obligation to meet and confer is generally considered

15  satisfied if they have made a good faith effort. "Under the Local Rules and Federal

16  Rules, the obligation to meet-and-confer prior to bringing a motion to compel is

17  satisfied when the moving party makes a good faith effort to meet and-confer, but the

18  other party fails or refuses to participate." *Sussex Fin. Enters. v. Bayerische Hypo-*

19  *Und Vereinsbank*, 2010 U.S. Dist. LEXIS 163474, *9 (N.D. Cal. 2010)(*citing*

20  *Bretana v. International Collection Corp.*, 2008 U.S. Dist. LEXIS 79334 *1 (N.D.

21  Cal. 2008); *McColm v. San Francisco Housing Authority*, 2007 U.S. Dist. LEXIS

22  8478, 2007 WL 218920 at *3 (N.D. Cal. January 29, 2007); *see also Chavez v.*

23  *Equifax Info. Servs.*, LLC, 2022 U.S. Dist. LEXIS 216344, *4 (C.D. Cal. Nov. 30,

24  2022) (defendants' repeated attempts to meet and confer were deemed sufficient even

25  though the plaintiff did not respond); *FNS, Inc. v. Bowerman Trucking, Inc.*, 2010

26  U.S. Dist. LEXIS 150223, *2 (S.D.Cal. Feb. 26, 2010).

27  **It is undisputed** that Defendants' counsel reached out to Rodney Diggs on two

28  occasions prior to filing the instant Motion to Dismiss to have a conversation

- 7 -

regarding the ongoing deficiencies with Plaintiff's claims.  (Dkt. 41 at 6:27-7:1.)  **It is undisputed** that Rodney Diggs, the only attorney of record in this matter, did not return defense counsel's overtures.

Rodney Diggs is the only attorney of record in this case, <u>and</u> the only attorney involved in this case who is authorized to practice before this court.  (Dkt. 32 at 3:1-8.)  Tyrone Blackburn is not licensed to practice law in California, and to date-- 10 months after this case was filed -- has not sought permission to appear in this action. (Dkt. 38 at n.1; Dkt. 32 at 3:1-8.)  Tyrine Aman is a "provisionally licensed" attorney in the State of California and is not admitted to practice in this Court.  In fact, both of their names, which appear crossed off on the redlined version of the First Amended Complaint (Dkt. 37 Attachment at 1), do not appear on the First Amended Complaint itself.  Their involvement in this case, the briefings filed with the Court, and substantive communications with undersigned counsel is curious at best, and constitutes the unauthorized practice of law at worst.  Cal. Rules of Prof'l Conduct, Rule 5.5 (prohibiting the unauthorized practice of law by a California licensed attorney); *see* ABA Model Rules of Professional Conduct, Rule 5.5 (same).

As the only attorney of record in this case, Rodney Diggs is the attorney who should be conducting meet and confers regarding motions filed in this matter. Once it was made clear that he will continue to be the only attorney of record in this case, undersigned contacted him directly regarding the instant Motion to Dismiss.[2]  To the extent that he ignored both email attempts to discuss the FAC, as well as ECF notices

---

[2] Defense counsel has been emailing Rodney Diggs since February 2024, and he has chosen not to respond.  Instead, he delegated his responsibility to two attorneys who are not licensed to practice before this Court, and have no intention of making an appearance in this case.  To the extent that this delegation easily constitutes an improper delegation of responsibilities and encourages the unlicensed practice of law before this Court, undersigned counsel is in fact obligated not to encourage or facilitate such unethical conduct. *See* Cal. Rules of Prof'l Conduct, Rule 5.5; ABA Model Rules of Professional Conduct, Rule 5.5.

for the motion to dismiss the FAC, the notice of non-opposition of the FAC and the Court's Order vacating the hearing on this matter is a predicament of his own making, and not the fault of Defense counsel.[3]

In short, defense counsel complied with its obligations under this Court's Local Rules, as well as the California Rules of Professional Conduct, with respect to her meet and confer obligations prior to filing the instant Motion to Dismiss. Thus, there is no justifiable basis for striking Defendants' Motion.

## III. THE COURT SHOULD DENY PLAINTIFF'S IMPROPER REQUEST TO AMEND THE COMPLAINT FOR A SECOND TIME.

The Court should not allow Plaintiff to Amend the Complaint for a second time to add brand new facts and parties because to date, she still has never established any viable legal basis to assert absolutely time-barred claims against the Harrises, which were sixteen years expired even when she filed this action eleven months ago.[4]  In graciously allowing Plaintiff an opportunity to amend the initial, untimely complaint, the Court specifically noted over two months ago that "Defendants' statute of limitations defense appears to be strong" and would be hard to overcome by any proposed amendment.  (Dkt. 36 at 3, n.2.)  Indeed, the Court was correct, the FAC did not cure the statute of limitations issue raised in Defendants' Motion to Dismiss the

---

[3] Rodney Diggs' seeming representation that he was unaware of the pending Motion to Dismiss is untenable as there is no reason why he was not receiving ECF notices in this matter, and his ECF notices specifically reflect that notice of filings are also given to attorney Tyrine Aman and several other individuals at his office.
[4] Oddly Plaintiff misrepresents that this is her first request to leave to amend the original Complaint.  (Dkt. 41 at 19 ("Here, good cause exists to grant leave because this will be Plaintiff's First Leave to Amend… .").)  However, this Court granted Plaintiff her first lave to amend the Complaint in the Aug. 8, 2024, Order Granting Defendants' Motion to Dismiss, based on Plaintiff's counsel's representation to the Court that she desired the opportunity to amend the initial complaint.  (Dkt. 36.)  Plaintiff subsequently filed the FAC on Aug. 28, 2024.  (Dkt. 37.)

initial complaint, nor could any amendment do so, given that alleged factual circumstances at issue.

Dismissal with prejudice is appropriate when it is clear that the complaint could not be saved by amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996); *Yagman v. Wunderlich*, No. 2:21-cv-06093-SB-MRW, 2021 U.S. Dist. LEXIS 233307, at *12-14 (C.D. Cal. Nov. 22, 2021) (denying leave to amend because the plaintiff had previously been given an opportunity to amend and failed to cure the deficiencies, indicating a strong inability to cure. Allowing further amendments would have served no interest other than delay and increased costs, thus prejudicing the defendants); *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) ("district court need not grant leave if it 'determines that the pleading could not possibly be cured by the allegation of other facts.'" (*quoting Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016)).); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx), 2009 U.S. Dist. LEXIS 74345, at *5-6 (C.D. Cal. 2009)(dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment (*citing Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003)).

Here, dismissal of the FAC, with prejudice, is appropriate as there is no possibility whatsoever to revive the long-expired claims against the Harrises, and because: (a) Plaintiff has already been provided a previous opportunity to amend the complaint that was still fails to assert any viable claims against the Harrises; (b) any subsequent amendment would be futile because the claims are absolutely time-barred; (c) the amendment is sought in bad faith to use the judicial process in order to lodge salacious sham allegations against Defendants in an effort to further harass, embarrass, and humiliate them; (d) the absolutely time-barred claims have been pending against Defendants for almost one year; and (e) further amendments would simply be unduly prejudicial to Defendants, who have been forced to expend

1   significant resources to litigate these baseless, time-barred claims in litigation and
2   suffer significant reputational harm in the public eye.

3          In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court set forth the well-
4   established factors to determine when a complaint amendment is improper. "These
5   factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to
6   amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and
7   (5) whether the plaintiff has previously amended the complaint. *See Foman*, 371 U.S.
8   at 182 (1962); *Heerema Marine Contractors v. Santa Fe Int'l Corp.*, 582 F. Supp.
9   445, 454 (C.D. Cal. 1984) (finding that the plaintiffs' motion to amend was improper
10  due to undue delay and the futility of the amendment); *In re Syncor Int'l Corp. Sec.*
11  *Litig.*, 327 F. Supp. 2d 1149, 1174 (C.D. Cal. 2004) (denying the motion to amend
12  because plaintiffs had repeatedly failed to allege facts supporting their claims despite
13  being given multiple opportunities to amend); *Grisham v. Philip Morris, Inc.*, 670 F.
14  Supp. 2d 1014, 1023 (C.D. Cal. 2009). All these factors, when reviewed individually
15  and collectively, weigh heavily in favor of denying any subsequent amendment to the
16  complaint.

17  **A.    Plaintiff Already Amended the Complaint to Try and Assert the**
18  **Time-Barred Claims Against the Harrises and Failed To Do So.**

19         Even though Plaintiff never opposed Defendants' motion to dismiss the initial
20  complaint based primarily on the grounds that the claims were entirely barred by the
21  statute of limitations, the Court allowed her an opportunity to amend the complaint,
22  noting that "Defendants' statute of limitations defense appears to be strong" and
23  would be hard to overcome by any proposed amendment. (Dkt. 36 at 3, n.2.) Indeed,
24  the Court was correct, the FAC did <u>not</u> provide any basis whatsoever to assert time-
25  barred claims against the Harrises, and instead (as set forth above) only recites a
26  statutory provision that not only does not apply to the facts here, but could only apply
27  to claims against an entity, not individuals. (Dkt. 37.)
28

**B.    It Would Be Futile to Allow Plaintiff an Opportunity to Amend the Complaint to Assert Claims Against the Harrises.**

.  The Ninth Circuit expressly stated that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (finding that futile amendments need not be allowed).

The Ninth circuit explained that "[i]f no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 8156 (9th Cir. 2020); *see Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538-39 (9th Cir. 1989); *Plumlee v. Pfizer, Inc.*, 664 F. App'x. 651, 654 (9th Cir. 2016) (upholding the district court's decision to deny leave to amend the complaint because plaintiff did not propose any new facts or legal theories that would have cured the deficiencies in the original complaint, rendering any amendment futile).  "Where the theory presented in an amendment lacks a legal foundation, or where prior attempts have failed to cure a deficiency and it is clear that the proposed amendment similarly does not correct the defect, the court has discretion to deny a motion to amend." *Leitner v. Sadhana Temple of N.Y., Inc.*, No. CV 13-07902 MMM (Ex), 2014 U.S. Dist. LEXIS 200770, at *20 (C.D. Cal. May 8, 2014); *see Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). Therefore, it is within this Court's purview to stop allowing amendments when it is clear that the complaint cannot be saved by any amendment, particularly when it is barred by the statute of limitations.

Allowing Plaintiff another opportunity to amend the complaint would result in yet another complaint that asserts time-barred claims against the Harrises.  As such, such amendment is nothing more than an exercise in futility.  Courts have consistently held that amendments to add such claims would be futile, and as such a plaintiff should not be allowed to amend a complaint to add time-barred claims.  *See Carlton v. Hertz Corp.*, No. CV 12-07178 JGB (MRWx), 2013 U.S. Dist. LEXIS

13849, at *12 (C.D. Cal. Jan. 28, 2013) (dismissing plaintiff's claims without leave to amend because the claims were time-barred and could not be cured by amendment); *Atuatasi v. City of L.A.*, No. CV 15-38 MWF (MRW), 2015 U.S. Dist. LEXIS 75254, at *7 (C.D. Cal. Apr. 14, 2015) (concluding that the plaintiff's complaint was time-barred and dismissed the action without leave to amend, noting that any attempt to replead would be futile); *See Leonard v. Countrywide Home Loans, Inc.*, No. CV 10-1381 PA (SSx), 2010 U.S. Dist. LEXIS 153156, at *5 (C.D. Cal. May 24, 2010) (dismissing with prejudice a claim for rescission under TILA as being time-barred by the statute of limitations).

It would be futile for this Court to allow Plaintiff yet another opportunity to amend the Complaint to assert time-barred claims without ever having provided any substantive basis for doing so. Here, Plaintiff has never provided any such basis, and instead simply parrots the statutory provision (C.C.P. § 340.16(e)) without any factual allegations to establish how the provision applies to this case. (Dkt. 41 at 10-12.[5]) Knowing the law and not providing any factual basis applying that law to the case at hand, is insufficient to state a claim in an amended complaint, and certainly not a basis for allowing such amendment to proceed. *See Leonard v. Countrywide Home Loans, Inc.*, No. CV 10-1381 PA (SSx), 2010 U.S. Dist. LEXIS 153156, at *5 (C.D. Cal. May 24, 2010) (dismissing a procedural due process claim that was restated verbatim from the original complaint, indicating that merely repeating statutory language is insufficient); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBx), 2009 U.S. Dist. LEXIS 74345, at *8 (C.D. Cal. July 17, 2009) (emphasizing that a complaint must include sufficient factual content to allow the court to make a reasonable inference of liability, rather than just parroting statutory language); *Barbour v. California*, No. EDCV 22-926 JGB (KKx), 2023 U.S. Dist. LEXIS 196472, at *34 (C.D. Cal. Aug. 1, 2023) (dismissing the plaintiff's complaint

---

[5] Plaintiff simply emphasizes parts of several terms and definitions used through CCP § 340.16(e).

because it contained only conclusory allegations that restated the language of the statute without providing specific facts to show entitlement to relief). Neither the FAC nor the proposed amendment meets the requirements of C.C.P. § 340.16(e) that (1) claims be asserted against *an entity*, (2) in a lawsuit filed prior to December 31, 2023, (3) asserting damages stemming from sexual assault for which such entity could have been legally liable, and (4) such entity engaged in a cover-up of a *prior instance* of sexual assault. Moreover, this provision does <u>not</u> provide for claims to be asserted against individuals, only entities.[6] *See F.G. v. Weinberg*, 2023 Cal. Super. LEXIS 58745, *6 (Cal. Sup. August 25, 2023).

C.     **Plaintiff's Instant Request to Amend the Complaint for A Second Time Is Unduly Delayed, Brought in Bad Faith, and Highly Prejudicial to the Harrises.**

1.     <u>Undue Delay</u>

When a Plaintiff has unduly delayed in making an amendment to include factual allegations known to the party at the commencement of the lawsuit, and such amendment is futile, prejudicial to the defendants, and brought in bad faith, the delay weighs in favor of denying the requested amendment. *See Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971); *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999); *Leitner*, 2014 U.S. Dist. LEXIS 200770, at *13-14.

Here, not only has it been almost eleven months since the first deficient complaint was filed, Plaintiff is seeking to amend the Complaint to add factual

---

[6] No entity has yet to be named in this matter and, to date, no entity has been served. *See Sandoval v. Budget Rent A Car*, No. LACV 20-07069-VAP, 2020 U.S. Dist. LEXIS 170692, at *17-18 (C.D. Cal. Sep. 3, 2020) (finding that failure to include a party in the caption and serve that party with a summons is fatal to any claim asserted against that party); *see also Shuttle Bus Leasing v. Edison Trans. LLC*, No. CV 13-0675 BRO (OPx), 2013 WL 12200440, at *6 n.7 (C.D. Cal. Aug. 26, 2013) (concluding the failure to include the defendant in the caption of the complaint and in the summons "is fatal" despite the plaintiff identifying the defendant in the body of the complaint).

allegations that are almost twenty years old and already known to her.  Additionally, none of these allegations allow Plaintiff to circumvent the statute of limitations which barred her from bringing these claims after 2007, and thus it would be futile to assert them in an amended complaint in hopes of reviving them.  Further, these purported factual allegations are not only salacious, but fictious, and brought in bad faith in order to harass and humiliate the Harrises in the public eye.

        2.   <u>Bad Faith</u>

     "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Coolers v. 99 Cents Only Stores LLC*, No. 2:18-cv-04846-RGK-JPR, 2019 U.S. Dist. LEXIS 40915, at *6 (C.D. Cal. Jan. 10, 2019); *Covert v. City of San Diego*, 2016 U.S. Dist. LEXIS 169434, at *5 (S.D. Cal. Dec 6, 2016) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).  Bad faith implies an improper motive in seeking leave amend.  *See Griggs v. Pace American Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (fining bad faith where the plaintiff sought to "prolong the litigation by adding new but baseless legal theories"); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (finding bad faith where plaintiff added a defendant for the sole purpose of destroying the court's jurisdiction).  Such improper motives include when (1) plaintiff engages in repetitious motions to amend, or (2) amendments are sought solely for delay or harassment. *See Leitner*, 2014 U.S. Dist. LEXIS 200770, at *13.

     This is the second time that Plaintiff has sought to amend the Complaint in order to include wild, salacious, contradictory allegations that do not give rise to any actionable claims.  These successive amendments are merely intended to cement these wild accusations against the Harrises the public sphere, and do not address the statute of limitations issue that has been repeatedly raised by Defendants over the last year.

### 3. Highly Prejudicial to Defendants

The prejudice a proposed amendment can cause the opposing party carries the greatest weight out of all the *Foman* factors. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)( Prejudice is the "touchstone of the inquiry under [Fed. Civ. P.] 15(a)."). Here, Plaintiff previously was given an opportunity to amend her pleading. Plaintiff failed to cure any of the specified deficiencies, or even to make a good faith effort to do so – highlighting the impossibility of Plaintiff being able to cure the statute of limitations bar to any claims against the Harrises. The Defendants have spent eleven months having to defend themselves in a lawsuit which asserts no viable claims against them whatsoever, and have had to live under the shadow of the wild, salacious (and fictitious) allegations irresponsibly thrown into the public sphere under the aegis of the litigation privilege. It is undeniable that the Harrises would be unfairly and unduly prejudiced by another amendment to the complaint that simply asserts the same time-barred claims against them that were asserted in the initial complaint and the FAC. *See Wilburn v. Bracher*, No. 2:15-cv-00699-TLN-GGH, 2015 U.S. Dist. LEXIS 142044, at *3-4 (E.D. Cal. Oct. 19, 2015) (denying leave to amend because the amended complaint "repeats many of the allegations in [the] original complaint and in the same conclusory terms" and defendants would be prejudiced by "delaying the disposition of their motions to dismiss" when "the arguments asserted by defendants . . . apply equally" to the amended complaint).

  a.  *The Court Should Strike the Proposed Allegations That Are False and "Sham"*

Fed. R. Civ. P. 12(f) allows a court to strike from any pleading any redundant, immaterial, impertinent, or scandalous matter. *See Sanchez v. City of Fresno*, 914 F.

Supp. 2d 1079, 1122 (E.D. Cal. 2012) (redundant matters are "those that are needlessly repetitive or wholly foreign to the issues involved in the action;" immaterial matters are defined as those "that which ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded;" impertinent matters "consists of statements that do not pertain, and are not necessary to the issues in question;" scandalous matters are those that "improperly casts a derogatory light on someone, most typically on a party to the action.")

Moreover, the Court has direction to strike new proposed factual allegations when they are materially inconsistent with a prior version of the Complaint, deeming them "false and sham." Indeed, this Court need not accept new alleged facts as true if they contradict those in a prior complaint.  *See Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (9th Cir. 1998) (A trial judge has the authority to strike pleadings that are "false and sham."); *see also Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) (allegations in a complaint are binding and a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint); *Harbridge v. Schwarzenegger*, No. CV 07-4486-GW(SH), 2012 U.S. Dist. LEXIS 208556, at *18-19 (C.D. Cal. Jan. 4, 2012); *Azadpour v. Sun Microsystems, Inc.*, No. 06-3272, 2007 U.S. Dist. LEXIS 55502, at *2 n. 2 (N.D. Cal. July 23, 2007) (acknowledging that allegations in an amended complaint that contradict those in a prior complaint may be struck as "false and sham"); *Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-0221-EMC, 2010 U.S. Dist. LEXIS 1199, at *8 (N.D. Cal. Jan. 7, 2010) (holding that where allegations regarding liquidated damages in an amended complaint were inconsistent with those in a prior complaint, even though the new allegations were not directly contradictory, the district court need not accept the new facts alleged regarding damages as true); *Jones v. Bayer Healthcare LLC*, No. 08-2219-SC, 2009 U.S. Dist. LEXIS 40674, 2009 WL 1186891 at *3 (N.D. Cal. May 4, 2009) (striking plaintiff's amended pleading because it was factually inconsistent with plaintiff's previous complaint).

As set forth in Attachment A (attached hereto) Plaintiff's Untimely "Opposition and Motion to Strike" sets forth several purported allegations for a second amended complaint which the Court should strike from the untimely brief itself, but should strike overall (including in any purported pleading) as immaterial, impertinent, or scandalous, but also inconsistent with the initial Complaint and the FAC and should be stricken as false or a sham.

## IV.    CONCLUSION

As set forth herein, along with Defendants' Motion to Dismiss the FAC, the Court should dismiss the FAC in its entirety, *with prejudice*, as to the Harrises, who are the only named and served Defendants in this lawsuit.  There is no legally viable way for Plaintiff to assert claims against them for the alleged conduct, which occurred in 2005, and allowing Plaintiff an opportunity to amend the complaint again, even though there is no legally viable way for her to assert claims against the Harrises, would be futile and unfairly prejudicial to them.

Dated:  October 23, 2024          CAMERON | JONES LLP

        /s/ Indira J. Cameron-Banks
Indira J. Cameron-Banks

Attorneys for Defendants
*Clifford Harris and Tameka Harris*

**Chart of NEW Purported Factual Allegations In Plaintiff's "Opposition and Motion to Strike" (Dkt 41) that are Subject to be Stricken under Fed. R. 12(b)(f) as HIGHLY PREJUDICIAL, IMPERTINENT, REDUNANT, IMMATERIAL AND SCANDALOUS**

| Opposition and Motion to Strike Brief | |
| --- | --- |
| **Dkt. 41, at page:** | HIGHLY PREJUDICIAL IMPERTINENT, REDUNANT, IMMATERIAL AND SCANDALOUS |
| 13:16-19. | It was a well-known fact at the time that Defendant Clifford Harris was a convicted felon who served time in federal prison for gun possession and other serious violent crimes. |
| 13, n.1. | In 1994, Defendant Clifford Harris was arrested for dealing drugs. In March 2004, a warrant was issued for T.I.'s arrest after he violated his probation of a 1997 drug conviction, as well as a 1998 conviction for violating a state controlled substances act and for giving false information. He was sentenced to three years in prison. In May 2004, he was released on probation. After being released, he earned a litany of probation violations in several counties around Georgia for offenses ranging from possession of a firearm to possession of marijuana. |
| 14:5-6. | Upon information and belief, Tameka Harris co-wrote a 2004 Grand Hustle Records song, "Can I Walk By." |

Attachment A

**Chart of NEW Purported Factual Allegations In Plaintiff's "Opposition and Motion to Strike" (Dkt 41) that DO NOT APPEAR in the FAC**

| Opposition and Motion to Strike Brief | |
| --- | --- |
| Dkt. 41, at Page Number | Proposed New Allegation that Does Not Appear in the Initial Complaint or the FAC |
| 12:4-6. | Firstly, the morning after Plaintiff was assaulted, she was awakened by the Defendant employee, who she believed was the defendant's security as he openly and prominently displayed his gun. |
| 12:8-12. | The Plaintiff did not have the ability to collect all her belongings as the defendant's employee demanded that she leave the room before the defendant woke up. According to the Defendant employee, the defendant instructed him to clear the room first thing in the morning and to ensure there was no one present when they woke up. |
| 12:14-15. | She asked the defendant's employee to allow her to search the room for her belongings, and he said no. |
| 12:15-16. | The Plaintiff was only allowed to leave in the robe and with her phone. |
| 12:17-18. | The defendant's employee provided the Plaintiff with different clothing. |
| 12:22-27 and 13:1-2. | Secondly, the Plaintiff amended Complaint will detail the fact that the Defendant agent and or employee, Caviar ("Doe"), recruited the Plaintiff and her friend (Jane Doe 1) to attend a party that the Defendants, through their employer's Grand Hustle Records a subsidiary of Atlantic Records, hosted in a club in Los Angeles. The Plaintiff will name Grand Hustle Records, Atlantic records, and Grand Hustle Records CEO Jason Geter as defendants in her amended Complaint. Mr. Geter was Clifford Harrises's manager at the time of the assault, was present at the club, and coerced Plaintiff not to report the assault. |

| | |
|---|---|
| 13:3-9. | The Defendants committed an overt act when they sent their agent, Caviar, to solicit Plaintiff and Jane Dow 1 to attend an event where they intended to drug and sexually assault them. While Defendants were sexually assaulting Plaintiff in their hotel bedroom, their agent Caviar, brutally raped Jane Doe 1 on the bathroom floor in the hotel lobby. Out of respect for Jane Doe 1's privacy and giving her the right to tell her story whenever she's comfortable, we will not provide the graphic details of the sexual assault that the Defendant agent visited upon her. |
| 13:10-13. | Within days of being sexually assaulted by the defendants, Plaintiff was introduced to through a friend of Plaintiff.7 She asked for help because she needed to know what the defendants had done to her. |
| **Proposed New Allegation that Does <u>Not</u> Appear in the Initial Complaint or the FAC AND Directly Contradicts Allegations in the FAC** | |
| 13:14-16. | Mr. Geter warned the Plaintiff not to make a big deal of this because the defendants were wealthy, well-connected, powerful, and dangerous. *Directly contradicts FAC, Dkt. 37, ¶ 102* Caviar disregarded Plaintiffs concerns and encouraged plaintiff not to make a big deal of the night, because according to him, Plaintiff would have a hard time proving it, TI was an international star, and TI is not the person Plaintiff wanted to play with. |
| 13:20-23. | Mr. Geter warned the Plaintiff that nobody would ever believe her, and she does not have any DNA evidence to prove that they sexually assaulted her. Mr. Geter warned Plaintiff her military service might be jeopardized if it gets out that she "allowed" herself to be in the predicament that resulted in her being raped. *Directly contradicts FAC, Dkt. 37, ¶ 104* Caviar also, warned Plaintiff her military service might be jeopardized if it gets out that she "allowed" herself to be in the predicament that resulted in her being raped. |