UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02604-SPG-JC | JS-6 | Date | October 28, 2024 |
|---|---|---|---|---|
| Title | JANE DOE v. CLIFFORD HARRIS et al. | | | |

| Present: The Honorable | SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF No. 38]

### Introduction

Before the Court is Defendants Clifford and Tameka Harris's (together, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 38 ("Motion")). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

### Background

Plaintiff Jane Doe ("Plaintiff") initiated this lawsuit in California state court on January 2, 2024, asserting various tort claims arising from an alleged sexual assault. (ECF No. 1-2). Defendants removed Plaintiff's action to this Court on March 29, 2024. (ECF No. 1).

Plaintiff has now twice failed to substantively oppose Defendants' motions to dismiss. The Court granted Defendants' first motion to dismiss after Plaintiff failed to oppose it or file an amended complaint as of right. (ECF No. 36). In light of Plaintiff's requests for leave to file an amended complaint, *see* (ECF Nos. 30, 31), however, the Court granted Plaintiff leave to amend, (ECF No. 36 at 3–4). Plaintiff filed the First Amended Complaint on August 28, 2024. (ECF No. 37 ("FAC")).

Defendants filed this Motion on September 12, 2024, again seeking dismissal of Plaintiff's suit in full. (Mot.). Plaintiff's opposition to the Motion was due by September 25, 2024. On October 7, 2024, Defendants filed a Notice of Non-Opposition. (ECF No. 39). On October 9, 2024, two full weeks after her opposition was due and after the Court had taken the Motion under submission, (ECF No. 40), Plaintiff filed a belated opposition—again seeking leave to amend—and a request to strike the Motion, (ECF No. 41 ("Opposition")). Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | October 28, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS et al. | | |

filed a response to Plaintiff's Opposition on October 23. 2024. (ECF No. 42 ("Response")).

**Legal Standard**

Local Rule 7-9 provides that a party opposing a motion must serve and file its opposition brief no later than 21 days before the noticed motion hearing date. C.D. Cal. L.R. 7-9. As a general rule, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."[1] C.D. Cal. L.R. 7-12.

The Ninth Circuit has repeatedly reaffirmed that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *See also Emiabata v. BB&T Branch Banking*, 840 Fed. App'x 258, 258 (9th Cir. 2021) ("The district court did not abuse its discretion by dismissing [the] action because [the plaintiff] failed to oppose defendants' motion to dismiss."). "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (internal quotation marks and citation omitted).

**Discussion**

Plaintiff failed to timely oppose Defendants' Motion, as required by Local Rule 7-9. The Local Rules clearly state that "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule" and that Plaintiff's failure to timely oppose may be deemed as her consent to granting the Motion. C.D. Cal. L.R. 7-12.

Although the Court need not consider Plaintiff's untimely Opposition, *id.*, the Court has nonetheless read and considered it. The Opposition first complains about counsel for Defendants' efforts to meet and confer with Plaintiff's counsel prior to filing the Motion. Plaintiff contends that counsel for Defendants failed to fulfill this obligation in good faith because the lawyer who reached out to schedule the meet and confer session contacted only Mr. Rodney S. Diggs, Plaintiff's sole counsel of record in this matter. (Opp. at 6–7, 18). Plaintiff argues that Defendants' counsel should also have contacted certain junior lawyers and that her failure to do so constitutes bad faith. (*Id.*). Mr. Diggs submitted a supporting declaration in which he explains that the emails from Defendants' counsel were routed to his spam folder. (*Id.* at 22 ¶¶ 12–13).

---

[1] This discretion does not extend to unopposed motions for summary judgment. C.D. Cal. L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | October 28, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS et al. | | |

The Court disagrees with Plaintiff's assertions of bad faith. Mr. Diggs, not defense counsel, has control over his spam folder. The issue here is not that defense counsel failed to reach out to Mr. Diggs, but that Mr. Diggs apparently failed to see Defendants' counsel's messages. The fact that Mr. Diggs is not in the habit of checking his spam folder does not justify denying or striking Defendants' Motion. See, e.g., Mun v. R.J. Annabelle, Inc., No. 2:19-cv-2470-DSF-AFM, 2020 WL 4904654, at *1 (C.D. Cal. Apr. 15, 2020) ("Because Defendants properly attempted to meet and confer with Plaintiffs, the Motions should not be denied on this basis."); Leprino Foods Co., et al. v. Avani Outpatient Surgical Ctr., Inc., et al., No. 2:22-cv-07434-DSF-JC, 2024 WL 4488711, at *11 (C.D. Cal. Sept. 30, 2024) (accord). Additionally, even crediting Mr. Diggs's assertion that Plaintiff was not on notice of Defendants' intent to file the Motion, (Opp. at 22 ¶ 17) it strains credulity that Plaintiff's counsel would not have received filing notifications for the Motion itself, Defendants' Notice of Non-Opposition, and the Court's Order Taking the Motion[] Under Submission. Accordingly, the Court declines to strike the Motion or to sanction Defendants.[2]

The Opposition also fails to meaningfully oppose the most important portion of Defendants' Motion, which argues that Plaintiff's lawsuit is barred in its entirety by the applicable California statute of limitations. See (Mot. at 11–21). Instead, Plaintiff concedes that the last date on which she could have filed suit was December 31, 2023. (Opp. at 10–11). Plaintiff filed her lawsuit on January 2, 2024. (ECF No. 1-2). The Opposition does not attempt to explain or excuse this belated filing, instead jumping straight to the merits of Plaintiff's claims. See (Opp. at 12–14). As Plaintiff has conceded the statute of limitations issue, the Court analyzes each of the Ghazali factors and finds dismissal, with prejudice, is appropriate.

The first factor weighs in favor of dismissal because "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, the second factor—the Court's need to manage its docket—weighs in favor of dismissal here. The Court's docket is busy and the Court may properly decline to expend judicial resources analyzing the merits of claims Plaintiff has apparently conceded are time-barred. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

---

[2] Rule 12(f) of the Federal Rules of Civil Procedure vests in trial courts the discretion to strike "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). See also Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000). "Under the express language of the rule, only pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Rule 7 defines "pleadings" as distinct from "motions and other papers." See Fed. R. Civ. P. 7. Accordingly, Rule 12(f) is generally not the correct vehicle by which to attack moving papers; for this reason, too, the Court DENIES both Plaintiff's and Defendants' respective requests to strike one another's briefing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | October 28, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS et al. | | |

The third factor—prejudice to a defendant—may be found where a plaintiff's failure to actively prosecute his or her case creates "[u]nnecessary delay" and increases the risk of evidence becoming "stale." *Id.* at 643. Here, Plaintiff's allegations stem from conduct that allegedly occurred in 2005—nearly twenty years ago. (FAC ¶¶ 23–104). As a general rule, "litigation is better conducted when the dispute is fresh"; undue delay can create "a substantial risk that witnesses will die or memories fade." *Sibron v. New York*, 392 U.S. 40, 57 (1968). Additionally, as Defendants argue in their Motion, California's civil statutes of limitations embody a policy "'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 488 (1996) (citation omitted). In time, "the right to be free of stale claims . . . comes to prevail over the right to prosecute them." *Id.* (citation omitted). Given the age of her claims, Plaintiff's repeated untimely filings create unnecessary and prejudicial delay. *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) ("The longer the delay, the more likely prejudice becomes."). This factor, too, weighs in favor of dismissal.[3]

The fourth factor, the public policy favoring disposition of cases on their merits, typically weighs against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Notwithstanding the general policy of favoring resolution of cases on their merits, however, this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re*

---

[3] For these reasons, the Court also DENIES Plaintiff's request to further amend her pleadings, which, as Defendants identify in their Response, was "procedurally improper," (Resp. at 6), and should itself have been the subject of meet and confer efforts between the parties. Plaintiff inexplicably contends that "this will be Plaintiff's First Leave to Amend." (Opp. at 19). Not true: the Court granted Plaintiff leave to amend when it granted Defendants' first motion to dismiss, (ECF No. 36), and the operative complaint is Plaintiff's First Amended Complaint, filed on August 28, 2024, (ECF No. 37). In any event, courts within the Ninth Circuit consider five factors to determine whether to grant leave to amend under Rule 15(a): "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the [party] has previously amended his [or her] complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Here, Plaintiff seeks leave only to show "additional facts, witness affidavits, and supporting evidence to support the claims she raised in her pleadings." (Opp. at 19). But these claims are concededly foreclosed by California's statute of limitations, and it is accordingly futile to continue amending them. Additionally, in light of this futility, further amendment is both highly prejudicial to Defendants and creates undue delay. *See Wilburn v. Bracher*, No. 2:15-cv-00699-TLN-GGH, 2015 WL 6163575, at *3–*4 (E.D. Cal. Oct. 19, 2015) (finding that "granting plaintiff leave to amend his complaint with the proposed amended complaint would be futile" and "would prejudice defendants by further delaying the disposition of their motions to dismiss").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02604-SPG-JC | Date | October 28, 2024 |
| Title | JANE DOE v. CLIFFORD HARRIS et al. | | |

*Phenylpropanolamine (PPA) Prods. Liab. Litig.* ("*In re PPA Prods. Liab. Litig.*"), 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks and citation omitted). Indeed, here, Plaintiff's repeated failure to timely oppose Defendants' motions "obstruct[s] resolution of [her] claims on the merits." *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996). "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228.

Finally, the fifth factor also supports dismissal. Local Rule 7-12 makes clear that failure to timely oppose a motion to dismiss may result in dismissal. The potential availability of alternative sanctions bears less weight given that the Local Rules notify litigants that failure to oppose a motion may be deemed consent to granting of the motion, *see* C.D. Cal. L.R. 7-12, and failure to comply with the Federal and Local Rules may be grounds for dismissal, *see* C.D. Cal. L.R. 83-2.2.4.

The five-factor test is disjunctive and not all five factors need support dismissal. *See Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Hernandez*, 138 F.3d at 399. Here, four of the five factors militate in favor of dismissal. Furthermore, by failing to oppose Defendants' argument that her claims are time-barred, Plaintiff has effectively consented to dismissal with prejudice. *See* C.D. Cal. L.R. 7-12.

**Conclusion**

For the reasons set forth above, the Court GRANTS the Motion, with prejudice.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | pg |